There was no evidence that the defendant had any knowledge of the trespass committed by Phinney, or that he was in any manner concerned, or aiding or assisting therein, other than by going to the island, and taking the wood upon freight as aforesaid. The title of the plaintiffs to the island was not questioned.
The cause was submitted without argument. The Court did not hesitate in giving their opinion in favor of the action, observing that the defendant was clearly a trespasser in going, without the license of the owner * upon the island of the plain- [ * 342 ] tiffs; and supposing his taking the wood there to be a mistake as to the rights of Kenniston, and that under this mistake K. had been paid the full value of the wood taken by York, neither the mistake, nor the accommodation, as being between joint trespassers, were any answer to the lawful owner, sustaining the injury to his soil, or the loss of his chattels. For when taken, the wood, being cut and separated from the soil, was the personal property of the plaintiffs.
The doubt in this case, which probably occasioned it to be reserved, was a mistaken apprehension that K. &/■ Y. were to be constructively connected with Phinneyin his original trespass in cutting the wood. But the causes of action are entirely distinct. P. acquired no property in the wood by cutting it, as against the owners of the soil; K. could acquire none from him, and could transfei none to the present defendant; and these last broke the close of the plaintiffs in going upon their island, and were trespassers, and as such are chargeable in damages, at least to the value of the wood taken and carried away.

Judgment according to the verdict