## PLATT *vs.* TUTTLE.

In an action of trover for a heifer, the defendant requested the court to instruct the jury that if the plaintiff, at the time of the alleged conversion, suffered his heifer to run at large on the public highway, he was guilty of negligence, and that, if the defendant ignorantly took her without willfulness, or gross negligence on his part, and was not thereby benefitted, the plaintiff if equally negligent himself, could not recover. The court did not comply with such request, but did instruct them that if the defendant voluntarily took, and so disposed of the heifer, that she was lost to the plaintiff, such taking was a conversion; and that this was so, whether he took her by mistake, or otherwise. Held, that, as it was immaterial whether such taking was, or was not profitable to the defendant, and as the plaintiff's loss was none the less real, because of his negligence, such course was correct.

THIS was an action of trover for a heifer.

The cause was tried before the jury, at the term of the county court, holden at New Haven, in March, 1853.

On the trial, it appeared in evidence that the heifer of the plaintiff, to recover for which the action was brought, was

permitted to run at large upon the public highway of the town of Prospect, by the plaintiff, without a keeper, while the defendant was passing through said town, with a drove of cattle, on his way from the state of New York, where he had recently purchased them, to his home in the town of Hamden.

The plaintiff claimed, and offered evidence to prove, that while said heifer was feeding in the highway, some forty or fifty rods north of Prospect Centre, the defendant, who was passing along with his drove, took said heifer into his drove, and that she was driven off by him, and that he had knowledge of her being in his drove; that at the centre of the town of Prospect, said drove and heifer remained a few minutes, when they were, by the defendant, all driven off easterly towards Hamden; that, about a mile from Prospect, the heifer turned back, and attempted to leave the defendant's drove, but was driven back by him, and disposed of, and converted to his own use.

The defendant offered much evidence to prove that the plaintiff's heifer never entered his drove; that if said heifer ever so entered his drove, she did so of her own accord, and without his knowledge; that she remained there but a short time, and that he never exercised any control over her at any time, and never derived any benefit whatever from her loss; that within one or two days after the defendant reached his home, the plaintiff called upon him, and that, after making inquiries and examinations, he expressed himself satisfied that the defendant had not converted her to his own use; that, if said heifer ever entered his drove, it was while wandering at large without a keeper, upon a part of a certain highway of the town of Prospect, which did not adjoin the plaintiff's land; that the plaintiff let said heifer out of his own lot, upon the night previous to the alleged loss, and saw her at large upon the highway without a keeper, on the forenoon of the day, that the defendant passed through Pros-

pect, with his cattle, and did nothing to protect or restrain her.

The defendant claimed and requested the court to instruct the jury : first, that if they should find that the plaintiff had permitted his heifer to wander at large, upon the public highways of the town of Prospect, without a keeper, at the time of the alleged conversion, he was guilty of negligence, and that said heifer was unlawfully upon the highway, unless the plaintiff owned the land adjoining the highway, where she grazed. Secondly, that if the plaintiff lost his heifer through the mere negligence of the defendant, in the absence of knowledge, or willfulness, or gross negligence on his part; and if the defendant derived no benefit therefrom, and the plaintiff was also equally negligent himself, that he was not entitled to recover.

The court did not instruct the jury, as requested by the defendant, but did instruct them substantially as follows. If the defendant voluntarily took the animal, and so disposed of her that she was lost to the plaintiff, such taking was a conversion, which rendered the defendant liable in trover ; and that this was so, whether he took her by mistake, supposing her to belong to his drove, or otherwise.

The jury having returned a verdict in favor of the plaintiff, the defendant filed a bill of exceptions, and by motion in error, brought his case to the superior court, where it was reserved for the advice of this court.

*C. Ives*, in support of the motion, contended,

1. That in actions of case and trespass it is well settled, that if the plaintiff has sustained damage through the mere carelessness or negligence of the defendant, he cannot recover therefor, if the plaintiff was also careless or negligent himself, and thereby contributed to his own loss. *Beers* v. *Housatonic R. R. Co.*, 19 Conn. R., 566. 20 Eng. Law & Eq. R., 455. 5 Denio, 255. 12 Metc., 415.

2. That the charge of the court did not render it necessary for the jury to find, that the defendant had so converted the

heifer as to derive some advantage therefrom, or that the wrong act was done by him knowingly.

3. That if the heifer had, at the time of the alleged conversion, been in an enclosed field, or in the custody of the keeper on the highway, the defendant would have exhibited more gross negligence than he would, if she was grazing by permission of the plaintiff, and trespassing without a keeper on the highway. This fact would have a bearing on the question of the negligence of the plaintiff. The court erred, therefore, in refusing to submit it to the jury. 5 Denio, 264.

*Beach,* contra, contended,

1. That in an action of trover, the plaintiff's negligence is not in issue. The conversion of the property by the defendant being established, it is immaterial what causes contributed to the conversion, whether the mistake or ignorance of the defendant, or the negligence of the plaintiff. *Devereux* v. *Barclay,* 2 B. &. A., 702. *Dunnell* v. *Mosher,* 8 Johns., 445. 3 Starkie Ev., 1492, 1497, n. *Everett* v. *Coffin,* 6 Wend., 603. *Hobart* v. *Haggart,* 3 Fairfield, 67. *Higginson* v. *York,* 5 Mass., 341.

It is a mistake to apply the principles, applicable to an action on the case, where the gist of the claim is the negligence of the defendant, to an action of trover, where the gist of the action is the unlawful conversion of the property of the plaintiff by the defendant.

2. That it is well settled that a party, who voluntarily takes another's property, either by mistake or otherwise, and is in possession unlawfully, is liable in trover. *Keyworth* v. *Hill,* 3 B. & A., 687.

HINMAN, J. The mistake of the plaintiff in error, in this case, consists in a misapplication of the principles, applicable to an action on the case for negligence, to this action of trover. The gist of the action of trover is, the unlawful

Platt *v.* Tuttle.

conversion of the plaintiff's property, irrespective of the manner in which the defendant obtained the possession of it. The theory of the action is, that the defendant found the property which had previously been lost by the plaintiff; but this is wholly immaterial. If it is taken forcibly from the plaintiff, it is sufficiently lost to him; and the loss would seem to be none the less real, because he lost it carelessly. The gravamen of the whole matter is, that the defendant has converted to his own use property which belonged to the plaintiff. If he has done this, it would seem that he ought to pay for it; not, in any sense, as a compensation for the plaintiff's carelessness, but as a compensation for the property that he wrongfully withholds from him.

The plaintiff in error is also mistaken in supposing it a matter of any importance, whether the defendant was or was not benefitted by his conversion of the property. He asked that the jury should be charged, that if the plaintiff's heifer came into his drove without his knowledge, and he ignorantly drove her off, so that she was lost to the plaintiff, and the defendant was not thereby benefitted, the plaintiff could not recover. This claim withdrew from the consideration of the jury, the conversion of the animal. It is obvious that he might have converted the heifer to his own use, and still have received no benefit from it; and if he did so convert her, then he ought to pay for her, because she would be equally lost to the plaintiff, whether the defendant made it a profitable conversion, or otherwise.

The charge is a little involved, but taking it altogether, we think the jury must have understood it as we do, that if the defendant voluntarily took the animal, and so disposed of her that she was lost to the plaintiff, such taking was a conversion that rendered the defendant liable in trover; and that this was so, whether he took her by mistake, supposing her to belong to his drove, or otherwise. We think this a

NEW HAVEN.

---

correct proposition, and consequently, there is no error in the judgment complained of.

In this opinion the other judges concurred.

Judgment affirmed.