JOSEPH WALKUP et al., Respondents, v. B. EVANS et al.,
Appellants.

No. 707; November 6, 1865.

License—Restraining Acts Under.—A license, as contradistin-
guished from an easement, furnishes no defense to a bill filed by the
property holder to restrain the defendant as to an act in the future
under the license.

The allegations of the complaint went to the following
effect. The United States, by the act of September 4, 1841,
donated to the state five hundred thousand acres of public
land to be selected within the state limits, and the California
legislature, by its act of May 3, 1852, and the later acts of
April 30, 1857, April 23, 1858, and April 16, 1859, provided
for such selection, the sale of the land in parcels, and the
issue of patents to the purchasers; and that a part, describing
it, of the land so selected was that involved in the present
suit. One Smith Worden was the purchaser, and the state
issued its patent for the land to him on December 9, 1859, six
days after which Worden duly made a conveyance to the
plaintiffs in fee. On December 1, 1860, the United States
issued to the plaintiffs a patent for adjoining lands which,
together with the other, were worth as much as five thousand
dollars, being valuable as agricultural and timber holdings.
In June, 1863, the defendants entered upon this land, the
plaintiffs not consenting but remonstrating rather, and began
to dig it up, defacing and mutilating it in one part and an-
other with deep excavations and huge earth-heaps from the
excavations, etc., in search of gold, as they professed, with the
result that in those parts the land had been rendered worth-
less for agricultural purposes; besides which in the course of
these operations they had destroyed much growing timber on
the land. Already the defendants had caused injury to the
land to the extent of a thousand dollars and, if they continued
the operations, as they openly threatened to do, the injury
would amount to complete destruction of all value in the land.
The defendants were irresponsible persons, many of them
Chinamen, had no fixed places of abode, refused to pay for
the injury they had done, and had no property out of which

a judgment for damages could be collected. The prayer was for an injunction.

The defendants by their answer denied the plaintiffs' ownership of part of the land and alleged that the patents above mentioned had been procured by fraud; they denied that they had cut down any growing timber except just enough to use for firewood or that by any of their acts the value of the land had been diminished to an extent beyond one hundred dollars. They denied, moreover, that they were irresponsible, insolvent or unable to respond in damages. They averred, too, that all the land was mineral land, and so reserved and exempt from sale, entry, location or grant to either the state or an individual, and that the plaintiffs were aware of this at the time they assumed to acquire it. On their own part they averred a quiet and peaceable occupancy for mining purposes, by themselves and persons under whom they claimed, of a described portion of the land throughout a period of nine years past, all in accordance with the mining rules of the vicinage. They averred that they had made large expenditures of money in pushing their activities, of all which the plaintiffs had had full and timely notice; but that, so far from objecting to these activities, the plaintiffs expressly had told the defendants to go on with them, and, since the defendants had expended at least twenty thousand dollars upon their mining claims, making these valuable features of the property, the plaintiffs were estopped.

At the trial the plaintiffs rested after producing the two patents in evidence. The defendants offered to prove declarations by the plaintiffs, made before their acquiring title, to show an intention on their part not to interfere with the defendants' mining work. The offer was objected to and the objection sustained. Offer was next made to prove similar declarations by the plaintiffs made after their acquiring title, but it was not asserted, as it was not, indeed, in the case of the former offer, that the declarations were made to any of the defendants or within the hearing of any. This offer also was, on objection being made, rejected. A motion was then made for leave to amend the answer so as to show that these declarations had been made with intent to deceive the defendants and induce them to make the expenditure, and that the defendants had been so deceived and induced. The motion

was objected to and denied. The point as to the lands being mineral in character was not urged.

Tuttle & Fellows for respondents; Tweed & Craig for appellants.

SAWYER, J.—There was no error in excluding the testimony offered and rejected. It would not have constituted a defense if admitted, and was, therefore, immaterial. And for the same reason there was no error in refusing to allow defendants to amend their answer. They did not propose to show any agreement between plaintiff and defendants, but public declarations of plaintiff not even claimed to have been made to defendants or acted on by them.

Judgment affirmed.

We concur: Sanderson, C. J.; Currey, J.; Rhodes, J.

SHAFTER, J.—In Foot v. New Haven & Northampton Co., 23 Conn. 233, the plaintiff gave the defendants license to erect a culvert on their land to turn a current of water over his land, which the defendants did at their own expense, and the license so given was held to be a revocable one.

In Jamieson v. Millemann, 3 Duer (N. Y.), 255, the plaintiff was lessee of land, of which the defendant had the reversion, and gave the defendant license to enter and erect an icehouse on the same. After he had partly completed it, the plaintiff forbade his entering, and thereby revoked the license. It was held that he might do so without tendering any amends to the defendant for the moneys he had expended. And see Cook v. Stearns, 11 Mass. 533; Cowles v. Kidder, 4 Fost. (N. H.) 364, 57 Am. Dec. 287; Stevens v. Stevens, 11 Met. 251, 45 Am. Dec. 203; Mumford v. Whitney, 15 Wend. (N. Y.) 380, 30 Am. Dec. 60, and Coleman v. Foster, 37 Eng. L. & Eq. 489. These cases are all based upon the principle that neither a freehold interest nor an easement in lands can be created except by deed or prescription. A license will protect the licensee against damages resulting from acts done under it but furnishes no defense to a bill filed to restrain him as to the future. I concur in the judgment.