## THOMAS SPRAGUE *vs.* JOHN QUINN.

A tenant at will does not acquire the right to leave without giving the statutory notice to quit, from the mere fact that the rent is payable in advance.

CONTRACT to recover one month's rent of a tenement in Boston. Writ dated January 6, 1870. Trial, and verdict for the defendant, in the superior court, before *Scudder,* J., who allowed the following bill of exceptions :

" There was evidence tending to show that the defendant paid a month's rent in advance, at the time of hiring the premises, and took them under an oral agreement to pay the rent monthly in advance ; and that he vacated them at the end of the first month, and returned the key to the plaintiff, notifying him of the

fact that he had so vacated and should occupy no longer, but gave no previous notice in writing of his intention to terminate the tenancy. The plaintiff, after the end of the second month, brought this action for a second month's rent of the premises. The judge instructed the jury that, if they found that the hiring of the premises was under an oral agreement to pay the rent monthly in advance, then the defendant was not bound to give any previous notice in writing in order to terminate the tenancy and his liability as lessee; to which ruling the plaintiff excepted."

*C. F. Donnelly*, for the plaintiff.

*T. Riley*, for the defendant.

MORTON, J.   The evidence at the trial tended to show that the defendant hired the plaintiff's premises, by parol, for an indefinite time, agreeing to pay rent monthly in advance. This created a tenancy at will, which can only be terminated in the mode provided by statute, unless by mutual agreement of the parties. Gen. Sts. c. 89, § 2; c. 90, § 31. It follows, that the instructions of the learned judge who presided at the trial were erroneous, unless, upon the facts proved, the tenancy expired by its own limitation at the end of the first month. But there was no evidence in the case of such a limitation. The only evidence was that the tenant agreed to pay the rent monthly in advance. By the parol lease, and the entry of the defendant under it, an estate at will vested in him, and, as the agreement fixed no time for its expiration, it was for an indefinite period, and would continue until determined in the mode provided by statute, or by the mutual agreement of the parties. The agreement to pay rent in advance was at most a condition subsequent, and not a conditional limitation. This precise question was adjudicated in *Elliott* v. *Stone*, 12 Cush. 174. It was there held that a parol agreement to pay rent quarterly in advance did not constitute a conditional limitation of the tenancy, so as to enable the landlord, upon a failure to pay the rent, to maintain the summary process provided by the Rev. Sts. c. 104, without giving a valid notice under the statute. *A fortiori*, the tenant cannot treat the tenancy as terminated by reason of his failure to comply with his agreement to pay rent in advance.

The defendant relies upon the case of *Elliott* v. *Stone*, 1 Gray, 571. Some of the *dicta* of the chief justice in that case support the defendant's views, and appear to be in conflict with the case between the same parties reported 12 Cush. 174. But the two cases are quite distinguishable, and the judgments do not conflict. In the case reported 1 Gray, 571, the defendant entered under a parol lease, with an agreement to pay rent quarterly in advance, and on condition that, if he failed to do so, he should leave the premises. The court decided that, upon his failure to pay rent in advance, the landlord might have the summary process to re-cover possession provided by statute. This was upon the ground that the contract of the parties amounted, in substance, to an agreement that the payment of the rent in advance should be a condition precedent to the vesting of the estate, from quarter to quarter ; or, in other words, that it was the intention of the parties to create an estate at will, which should terminate by its own limitation upon the contingency of a failure by the tenant to pay the rent quarterly in advance. We are of opinion that no such intention can be inferred from a mere agreement by the tenant to pay rent in advance, and that the case of *Elliott* v. *Stone*, 12 Cush. 174, is an authority which is decisive of the case at bar.

Upon the facts stated in the bill of exceptions, an estate at will vested in the defendant, which did not terminate by its own lim-itation at the end of the first month ; and, as he did not give the statute notice, it follows that the tenancy continued, and he is liable for the rent for the second month. *Batchelder* v. *Batchelder*, 2 Allen, 105. *Exceptions sustained.*