WILLIAM J. STRAUS *vs.* ANNIE GINSBERG.

Suffolk. March 12, 1923. — May 25, 1923.

Present: RUGG, C.J., BRALEY, DeCOURCY, CROSBY, & PIERCE, JJ.

*Trespass. Landlord and Tenant.*

At the trial of an action for damages resulting from an alleged unlawful entry of the defendant upon premises occupied by the plaintiff as tenant and the removal of furniture therefrom, there was evidence tending to show that, when the plaintiff was a tenant at will of the defendant, the defendant made a lease in writing of the premises to the stenographer of his attorney, who gave notice thereof to the plaintiff and, over two months later on March 4, began an action for possession which was returnable on March 13, at which time judgment was entered for the stenographer under an agreement, signed by the defendant's attorney, whereby execution was to issue on April 12 without costs. The alleged unlawful entry by the defendant was made on March 9, and there was evidence that the defendant was present and directed teamsters and others, saying, " I want my satisfaction." At the trial the defendant produced and offered in evidence the lease to the stenographer and, on its back, an assignment by the stenographer to the defendant's son dated March 8. There was a verdict for the plaintiff. *Held,* that

(1) It was proper to refuse to order a verdict for the defendant;

(2) It was proper to refuse to instruct the jury that there was no evidence that the alleged assignment of the lease to the defendant's son was made subsequent to the date appearing thereon.

TORT for damages resulting from an alleged unlawful entry by the defendant upon premises occupied by the plaintiff as a tenant and removal therefrom of furniture and of the plaintiff's child, who was convalescing from diptheria. Writ dated March 10, 1920.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence is. described in the opinion. At the close of the evidence, the defendant moved that a verdict be ordered in her favor. The motion was denied subject to an exception by the defendant. Other exceptions saved by the defendant are described in the opinion. The jury found for the plaintiff in the sum of $350; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. J. O'Connor,* for the defendant.

*O. Storer & J. Levine,* for the plaintiff.

DECOURCY, J. There was evidence on which the jury could find these facts: The plaintiff, a tenant at will, refused to pay an increased rental, whereupon the defendant employed an attorney to secure possession of the tenement. Acting on his advice she gave a lease of the premises on December 23, 1919, to one Grace M. Kelley, who was that attorney's stenographer. Miss Kelley notified the plaintiff of the lease, and brought an action for possession, by writ dated March 4, 1920, and returnable on March 13. On said return day judgment for possession was entered for Miss Kelley, under an agreement signed by said attorney whereby execution was to issue on the twelfth day of April, without costs. The plaintiff remained in the premises until that date without further interference.

Meanwhile, on March 9, four days before said return day, and without the knowledge of Miss Kelley so far as appears, the defendant and her husband and son Benjamin secured an entrance to the tenement by representing that the laundryman was at the door. Some teamsters were then admitted who carried out the furniture, with the assist-

ance of said husband and son. The furniture was injured by rough handling, and the plaintiff's four year old boy, who was recovering from an attack of diphtheria, was removed from a sick bed without proper care being taken to prevent exposure. The defendant herself told the men to go ahead and move out the furniture, saying " I want my satisfaction; " and she personally filled a small bath tub with dishes, breaking many of them.

The motion for a directed verdict was denied rightly. Miss Kelley, as lessee, might have taken possession and ejected the tenant, using such force as was reasonably necessary. *Low* v. *Elwell*, 121 Mass. 309. *Lambert* v. *Robinson*, 162 Mass. 34. The defendant, however, had parted with all present right to the possession of the premises. And the jury could find that she was the one who was in charge of and directing the party which entered the tenement on March 9.

The only other exception was to the judge's refusal to instruct the jury that there was no evidence that the alleged assignment of the lease to Benjamin Ginsberg was made subsequent to the date appearing thereon. At the trial it was disclosed that such an assignment was written on the back of the lease, under date of March 8, 1920. There was no direct testimony as to when it was executed. The plaintiff contended that it was made after the attempted ejectment. This contention derived support from the fact that after the date of the alleged assignment the action for possession proceeded in the name of Miss Kelley; the entry of judgment made on the return day of the writ was under an agreement signed by said attorney, as counsel for Miss Kelley; and the plaintiff was allowed to retain the premises for a month under that agreement. No notice of the assignment was ever given to the plaintiff. In view of this and other circumstantial evidence, there was no error in the judge's refusal to instruct the jury as requested.

No exception was taken to the judge's refusal to give the rulings requested in the terms stated.

*Exceptions overruled.*