ALTON H. BLACKINTON *vs.* WILLIAM C. PILLSBURY & others.

Suffolk. March 16, 1927. — May 23, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Voluntary Association*, Social club, Officers and agents. *Conversion.* *Equity Jurisdiction*, Equitable replevin.

Members of clubs not organized nor conducted for gain are not partners and they do not hold the relation of principal and agent one to another.

If the chairman of the house committee of a club not organized for gain, under authority conferred upon the committee by the club members, acting in good faith and not for his personal advantage or gain, removed goods from a locker under the mistaken belief that they belonged to a former member of the club who by the club records was entitled to use of the locker, the real owner of the goods, a member of the club in whose name the locker was not entered in the club records, cannot enforce, in a suit in equity against the chairman of the house committee, a claim for damages as for a conversion if it does not appear that such chairman abandoned the property or failed to protect it against wrongdoers, although it appears that he had disposed of it in such manner that a part of it was taken by others and the rest was lost or destroyed.

BILL IN EQUITY in the nature of equitable replevin, filed in the Superior Court on April 30, 1925, and afterwards amended.

The substance of the allegations of the bill as amended are stated in the opinion. The prayers of the bill were as follows: (1) that the plaintiff's negatives and photographic materials "be ordered to be returned to him forthwith"; (2) that the court "ascertain the value of said negatives and materials, and make an assessment of damages sustained by the plaintiff by reason of the taking thereof"; and (3) for "such other and further relief as the nature of the case may require."

The defendants filed a document entitled "Defendants' Plea in Bar," which stated the following grounds:

"1. That if any of the plaintiff's property was removed by them or any of them as alleged by the plaintiff, it was not removed and secreted as alleged by the plaintiff, but was thrown away or destroyed before the plaintiff brought his bill of complaint and the location of none of it has been known to any of the defendants since such throwing away and/or destruction thereof or since the plaintiff brought his bill of complaint.

"2. That it is inequitable for the plaintiff to bring this cause of action against these defendants or any of them inasmuch as every act, if any, of each of the defendants, in regard to any of the articles which the plaintiff alleges were removed, was committed in good faith by such defendant as an officer and agent of said Camera Club and in a reasonable belief that said articles were abandoned property of a former member of said Camera Club and of no value to him or to anyone else, and fit only to be discarded as rubbish; so that if the plaintiff shall appear to have any interest of any nature in any of the property so discarded, he should not be permitted to claim said interest as against these defendants or any of them because of his own neglect in causing and permitting said articles to appear to be abandoned property and in failing to notify the defendants or other officers of said Club of his alleged interest in said articles before they were so removed and discarded."

The suit was heard upon the amended bill and the so called plea in bar by *Morton*, J., who filed a statement of the findings and rulings stated in the opinion. The closing sentence of his statement was as follows: " I find and rule that under these circumstances, the defendant Bellevue is not liable for conversion." By his order a final decree was entered dismissing the bill. The plaintiff appealed.

In his brief before this court, the plaintiff stated that the suit was "to recover damages for conversion"; and argued that the facts clearly showed a conversion, that the fact that the defendant Bellevue acted in good faith did not excuse the conversion, and that the "defendant could not have used even the slightest degree of care to ascertain the owner or the value of the contents of the locker he entered."

*R. H. Bond*, for the plaintiff.

*E. G. Fischer*, for the defendants.

Pierce, J. This is a bill in equity against officers and members of the Union Camera Club, an unincorporated association, to recover specifically certain photographic material and articles that have been taken from a locker of the club in which the plaintiff had kept them for several years, and detained, and so secreted that they cannot be replevied. There is nothing in the appeal record to show whether the Union Camera Club was an association for gain or otherwise; and nothing which discloses whether testimony was received, or whether the case was set down by the plaintiff for hearing on the bill and answer. Because of the findings of fact we assume testimony was heard, and consider the appeal on that footing.

The findings by the judge disclose that the plaintiff is and for years has been a member of the Union Camera Club; that while a member he had kept for several years his photographic material in a locker numbered 32; that the records of the club indicated that the plaintiff was entitled to lockers numbered 36 and 40 and that a former member of the club was entitled to use locker 32; that the bill rendered to and paid by the plaintiff described the lockers assigned as 36 and 40; that the plaintiff took no steps to have the numeration error corrected; that the defendant Francis Bellevue, chairman of the house

committee, in the performance of his official duties, acting in good faith and in the belief that he was disposing of property that belonged to the former member of the club, took out the contents of locker 32, not knowing that the property belonged to the plaintiff, and disposed of it in such manner that a part of it was taken by others and the rest was lost or destroyed. There is nothing in the record that indicates that the former member ever used any locker of the club, or that the use of locker 32 by the plaintiff for years was not known to members and officers of the club. In addition the judge found that Bellevue was acting in the interest of the club; that he received no benefit personally from his action, which was the result, in part at least, of the failure of the plaintiff to enlighten him as to the plaintiff's possession of the locker; and ruled that the defendant Bellevue is not liable for conversion. The plaintiff makes no question as to the propriety of a dismissal of the bill as to all defendants other than Francis Bellevue. The case is before this court on the appeal of the plaintiff from the final decree dismissing the bill with costs to one defendant.

Members of clubs not organized or conducted for gain are not partners and they do not hold the relation of principal and agent the one to the other. *Wise* v. *Perpetual Trustee Co. Ltd.* [1903] A. C. 139. *Flemyng* v. *Hector*, 2 M. & W. 172. Because of the finding that Bellevue "acted . . . in the performance of his official duties" we shall assume that the rules of the club authorized its house committee to remove the contents of the locker 32; and further assume that the plaintiff as a member of the club authorized the house committee to do what was done by its chairman to the extent the acts done were within the scope of the conferred authority. It is manifest the acts of Bellevue were in fact and in law a conversion of the property of the plaintiff if they were done by him in his individual capacity; and equally plain that they did not constitute a conversion if what was done was with the authority express or implied of the plaintiff. *Scollard* v. *Brooks*, 170 Mass. 445, 448. *Stephens* v. *Elwall*, 4 M. & S. 259. *McMorris* v. *Simpson*, 21 Wend. 610, 614. While the right to remove the contents of locker 32 did not

by implication convey the right of abandonment if Bellevue considered the property removed of no value or fit to be discarded as rubbish, there is no evidence that Bellevue abandoned the property or failed to protect it against wrongdoers. It follows that the decree must be affirmed.

*Ordered accordingly.*