BASIL J. FINNIGAN *vs.* THOMAS HADLEY & another, trustees.

Middlesex. October 5, 1933. — May 24, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, DONAHUE, & LUMMUS, JJ.

*Lien*, For storage. *Landlord and Tenant*, Termination of tenancy.

The lessee of a suite of rooms in an apartment building in Cambridge left the Commonwealth without informing the lessor where he could be reached and without giving him any directions respecting the

suite or his goods therein. The lease provided that, upon breach of any of the covenants to be observed by the lessee, the lessor might "without any notice or demand enter upon the leased premises and thereby determine the estate hereby created, and may thereupon expel and remove, forcibly if necessary, the lessee and those claiming under him and their effects." The lessor, not knowing the whereabouts of the lessee, entered for breach of the covenants and conditions of the lease, removed the effects of the plaintiff from the suite and placed them, in the name of and for the account of the plaintiff, in a storage warehouse of a licensed warehouseman. The lessee, who had received no notice of the transaction, returned and demanded his goods without making tender of storage charges thereon, and, upon refusal of the warehouseman, brought replevin. *Held*, that

(1) In the circumstances, the lessor was warranted in storing the goods of the lessee in a suitable place at the lessee's risk and expense; authority to do so was conferred upon him by the conduct of the plaintiff;

(2) The defendant warehouseman had a lien upon the goods of the plaintiff for storage and the plaintiff was not entitled to receive them on demand without tender of reasonable storage charges.

REPLEVIN. Writ in the Third District Court of Eastern Middlesex dated November 29, 1932.

In the District Court, the action was heard by *Smith*, J. Material facts are stated in the opinion. The judge found for the plaintiff in the sum of $1 and reported the action to the Appellate Division for the Northern District. The report was ordered dismissed. The defendant appealed.

*W. E. Bennett*, for the defendants.

*S. A. Dearborn*, for the plaintiff.

RUGG, C.J. This is an action of replevin. The defendants assert a lien for storage. The finding was for the plaintiff. The controversy arose in this way: The plaintiff was tenant of a suite of rooms in an apartment building in Cambridge under a lease for a term of years from the Harlow Realty Company. In November, 1931, the lessor entered upon the demised premises and terminated the estate for breach of covenants and conditions of the lease. At that time the plaintiff was, and for two months prior thereto had been, absent from the Commonwealth and the lessor did not know where he was. The lessor removed the effects of the plaintiff from the demised premises and placed them, in the name of and for the account of the

plaintiff, in a storage warehouse of the defendants, who are licensed warehousemen. The plaintiff received no notice of this transaction until his return to the Commonwealth in the latter part of December, 1931, when he made demand for the goods on the defendants but made no tender of the storage charges then due. The lease contained a condition to the effect that, upon breach of any of the covenants to be observed by the lessee, the lessor might "without any notice or demand enter upon the leased premises and thereby determine the estate hereby created, and may thereupon expel and remove, forcibly if necessary, the lessee and those claiming under him and their effects."

The single question for decision is whether there was error in denying the request of the defendants for the ruling that, by the terms of the lease, the lessor having a right to remove the furniture, in the absence of the plaintiff had implied authority to place it in storage for the plaintiff.

It is manifest that the lessor had a right, for breach of conditions of the lease, to enter upon the demised premises to take possession of the same and to remove therefrom the property of the plaintiff. If the lessee had been nearby, his goods could simply have been set out of doors without liability even though damage to them ensued because of weather conditions. *Clark* v. *Keliher,* 107 Mass. 406, 409. If the plaintiff as lessee had been present at the time and had expressed a wish against the removal of the goods to the warehouse, or had sought to retain the possession of them for himself, the retention of the goods by the lessor for a moment longer than was necessary to remove them from the demised estate against the will of the plaintiff would have been a conversion. *McGonigle* v. *Belleisle Co.* 186 Mass. 310. The plaintiff, however, was absent from the Commonwealth. The lessor did not know where he was. The demised premises consisted of a suite of rooms in an apartment house. Simply to set the goods on the sidewalk or in the street under existing conditions of travel and traffic would have constituted a public nuisance unless removed without much delay. They could hardly have been thus left without strong likelihood of theft of easily

portable articles and mischief and injury to more ponderous pieces of furniture. Public convenience required that they be put somewhere. Every consideration for the welfare of the public, for the preservation of law and order, and for the private benefit of the lessee as owner would be conserved by placing the goods in some secure storage. The plaintiff in substance and effect for the time being had abandoned the care of his effects. He could not rightly expect that the lessor for months would waive breach of conditions of the lease. The plaintiff gave the lessor no directions in the matter. He left the Commonwealth without informing the landlord where he could be reached. Modern conditions render inapplicable a rule which perhaps would have prevailed in earlier days when urban yard room was more spacious than now. The case at bar falls within the principle of *Lash* v. *Ames*, 171 Mass. 487, where it was held that the landlord was warranted in storing the goods of a tenant in a suitable place at the tenant's risk and expense. To that extent implied authority was conferred upon the lessor by the conduct of the plaintiff as lessee. The circumstances of the present case justified the course pursued by the lessor. The case at bar is distinguishable from *McGonigle* v. *Belleisle Co.* 186 Mass. 310, and similar cases where the tenant was present or nearby so that he could take care of his property. The result is that the defendants had a lien upon the goods of the plaintiff for storage and were not subject to an action of replevin for failure to deliver them on demand without tender of reasonable storage charges. The ruling requested by the defendants ought to have been granted.

*Order dismissing report reversed.*