MORRIS ADJMI *vs*. THE GINTER RESTAURANT CO.

SAME *vs*. WALDORF SYSTEM INCORPORATED.

SAME *vs*. LEEDS INC.

Suffolk.    May 14, 1935. — June 25, 1935.

Present: RUGG, C.J., PIERCE, DONAHUE, LUMMUS & QUA, JJ.

*Landlord and Tenant*, Oral lease, Termination of tenancy.

After the term of an oral lease of a store has expired, the tenant has no
rights in the premises; and the landlord forthwith, upon regaining
possession peaceably, may exclude the tenant and remove his goods.

THREE ACTIONS OF TORT. Writs in the Municipal Court
of the City of Boston; that in the first action dated March
3, 1934, and those in the other actions dated March 17,
1934.

The actions were heard in the Municipal Court by *Dono-
van*, J., who found for the defendants. In each action the
Appellate Division ordered a report dismissed and the
plaintiff appealed.

· *H. L. Barrett*, (*M. Witte* with him,) for the plaintiff.

*A. J. Santry*, for The Ginter Restaurant Co. and another. ·

*J. B. Jacobs*, for Leeds Inc.

LUMMUS, J. The defendant The Ginter Restaurant
Co., the holder of a long term lease of the building in
Boston in which is situated the store numbered 35–39
Winter Street, gave to the plaintiff a written lease of the
store for a term ending on December 31, 1932. The plain-
tiff continued in possession as a tenant at will. Then the
plaintiff became tenant under an oral lease for four months,
ending February 28, 1934.

On January 20, 1934, the Ginter company gave the plain-
tiff written notice to vacate the store on or before February
28, 1934. On February 13, 1934, the Ginter company
executed and delivered to the defendant Leeds Inc. a writ-
ten lease of the store, for a term beginning March 1, 1934,

but containing in a "rider" a variant and controlling provision that, since the store was occupied by another tenant (the plaintiff), "the commencement of the term shall be March 1, 1934 provided the possession is given to the Lessee by February 1, 1934 [*sic*], but otherwise the term shall commence hereunder 30 days after the possession is given to the Lessee."

On March 1, 1934, early in the morning, the defendant Ginter company shut off the electric lights which lighted the store. Later in the day said defendant entered the store peaceably, took possession, and changed the lock on the rear door. It informed the plaintiff that he might remove his merchandise, fixtures and other property, but the plaintiff neither did so nor intended to do so. On March 2, 1934, said defendant boarded up the front door. On March 7, 1934, said defendant began to move the plaintiff's goods from the store to a storage warehouse, where they were stored in the plaintiff's name. The removal and storage were completed on March 12, 1934. The defendant Leeds Inc. had nothing to do with the moving or storage, but on March 6, 1934, did begin the alteration of the front of the store, by permission of the Ginter company, without taking possession. The defendant Waldorf System Incorporated had nothing to do with the matter, except that it owned and controlled the defendant Ginter company.

The plaintiff brought several actions of tort against the three defendants, alleging conversion, unlawful eviction, malicious injury to business, and assault and battery. The trial judge found for the several defendants. The Appellate Division dismissed the report. It deemed immaterial the notice to quit and the lease to Leeds Inc. It held that the oral lease to the plaintiff expired on February 28, 1934, that his duty was to vacate the store on or before that day, and that the Ginter company was entitled to take possession on March 1, 1934, and to remove and store the plaintiff's goods. The plaintiff appealed.

The Appellate Division was right. Although by statute an oral lease creates a tenancy at will (G. L. [Ter. Ed.]

c. 183, § 3), the tenancy ends, without notice to quit, at the end of the agreed term. *Hollis* v. *Pool*, 3 Met. 350. *Creech* v. *Crockett*, 5 Cush. 133, 136. *Howard* v. *Merriam*, 5 Cush. 563, 583. *Elliott* v. *Stone*, 1 Gray, 571. *Davis* v. *Murphy*, 126 Mass. 143. See also *Sprague* v. *Quinn*, 108 Mass. 553; *Lyon* v. *Cunningham*, 136 Mass. 532, 541; *Berman* v. *Rowell*, 274 Mass. 260, 267. After the expiration of either an oral or a written lease, the tenant has no days of grace for removing his goods and vacating the premises. *Danforth* v. *Sargeant*, 14 Mass. 491. *Dorrell* v. *Johnson*, 17 Pick. 263. *Low* v. *Elwell*, 121 Mass. 309. *Gaffield* v. *Hapgood*, 17 Pick. 192. *Watriss* v. *First National Bank of Cambridge*, 124 Mass. 571, 575. *Wright* v. *Michelman*, 246 Mass. 401, 403. See also *Margosian* v. *Markarian*, 288 Mass. 197. The case is not one in which a tenancy at will is suddenly terminated by a lease or conveyance to a third person. *Pratt* v. *Farrar*, 10 Allen, 519, 521. *Lash* v. *Ames*, 171 Mass. 487, 490, 491. The landlord, rightfully retaking possession, was entitled to remove and store the goods which the plaintiff wrongfully left on the premises. *Finnigan* v. *Hadley*, 286 Mass. 345. There is nothing in the contention that Leeds Inc. rather than the Ginter company was in possession, and entitled, if anyone was entitled, to remove the goods. See *Straus* v. *Ginsberg*, 245 Mass. 278, 280. Clearly, the Ginter company was still in possession. See *Snider* v. *Deban*, 249 Mass. 59. The various requests for rulings require no discussion. In each case the entry will be

*Order dismissing report affirmed.*