AMY P. ROW *vs.* HOME SAVINGS BANK.

Suffolk.    March 4, 1940. — September 10, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Conversion. Mortgage,* Of real estate: personal property on premises after foreclosure. *Personal Property,* Abandonment. *Practice, Civil,* Requests, rulings and instructions.

A group of requests for rulings must be treated by this court as having been all refused where the trial judge stated in the record merely that he gave such as were in accordance with his findings and that such as

were not in accordance therewith "are either immaterial or are refused."

An owner of personal property does not lose his title merely by conduct giving others reason to believe that the property is abandoned if he does not also have an intent to abandon it.

A mortgagee of a building vacant for some time, who, upon entering the building after foreclosure, found in two old trunks and a suitcase in a room numerous articles left there by their owner, was under duty only to act reasonably with respect to the disposition of such articles; and, where he did not know to whom they belonged and they appeared to be worthless, he was not liable to their owner for removing them from the building and throwing them away, even though the owner had not lost title.

TORT. Writ in the Superior Court dated March 9, 1935.

There was a finding for the defendant by *Donnelly*, J. The plaintiff alleged exceptions.

*G. H. Hull*, for the plaintiff.

*M. L. Lourie*, for the defendant.

LUMMUS, J. The defendant held a mortgage upon a building on Commonwealth Avenue in Boston. The Greater Council for Campfire Girls of Greater Boston occupied the building. The plaintiff hired a room from the Council. After her occupancy of the room ceased in June, 1932, she moved out most of her belongings, but with the consent of the Council she continued to use the building as a place to write during the summer of that year, although it was then closed and unoccupied. She had a key to the building. In October, 1932, the Council moved out its office furniture, and the water was turned off. After June, 1932, the plaintiff kept two trunks and a suitcase in the building. The trunks were "old and useful only as repositories." One of the trunks was left open, and the other was unlocked. The trunks and the suitcase were filled with a medley of things: — manuscripts; family photographs, letters and documents; autographs; photographic plates and films; a seventeenth century Japanese lacquered escritoire; two antique sewing boxes, one of them out of repair; some clothing, linen and embroidery; a carved ivory tusk; some books and china; some silver spoons and silver plated ware; a crayon portrait; and some curiosities from New Zealand.

In May, 1933, the plaintiff was told by the Council that it was abandoning the building and that "everything was going out of the building." In June, 1933, the Council moved out the last of its belongings. When the plaintiff had finished writing in the building in the summer of 1932, she intended to come back, pack her goods, and lock her trunks. She never did so. She did not come back until about July 1, 1933, and then she left her property in the same condition in which it had been. On her return about August 1, 1933, she could not enter the building, for the defendant had changed the lock on the building. The defendant mortgagee by its agent had entered upon the property on July 13, 1933, had foreclosed its mortgage, and had caused the "debris," including the property of the plaintiff, to be removed from the building and thrown away.

The declaration is in two counts, the first for conversion, and the second for gross negligence. The judge, sitting without a jury, found for the defendant. The plaintiff alleged exceptions.

The judge found as follows: "I find that from the appearance of the property he [the agent of the defendant] was justified in assuming that the property was of no value and had been abandoned and that there was no negligence on his part in making this assumption. I find also that the plaintiff was negligent in failing properly to protect or remove her property during the period from May to July, 1933, when she knew that the defendant was about to come into possession of the property on Commonwealth Avenue. Due care on her part would require her either to remove the property or to communicate her desire to retain the property to the mortgagee."

The plaintiff presented fifteen requests for rulings. The judge did not give or refuse any of them specifically, but attempted to dispose of them by the following statement: "Such of the plaintiff's requests as are in accordance herewith [i. e. with the findings already quoted] are given. Those not in accordance herewith are either immaterial or are refused." On this record we cannot know from this cryptic statement which requests were granted or which

were refused. *Meehan* v. *North Adams Savings Bank*, 302 Mass. 357, 362, 365–366. We must treat all the requests as refused. See *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 18, 19.

The judge did not find that the plaintiff intended to abandon the property. He found merely that her acts gave the defendant's agent reason to believe that the property had been abandoned. That is not enough to divest the plaintiff of her title. An actual intent to abandon must be shown. *Wilson* v. *Colorado Mining Co.* 227 Fed. 721, 725. *Collins* v. *Lewis*, 111 Conn. 299, 303. *Duryea* v. *Elkhorn Coal & Coke Corp.* 123 Maine, 482, 486. *Coulombe* v. *Gross*, 84 N. H. 212, 215. See also *Welch* v. *McNeil*, 214 Mass. 402, 406. The same rule governs the abandonment of easements, trade marks, and other property capable of abandonment. *Jamaica Pond Aqueduct Corp.* v. *Chandler*, 121 Mass. 3, 4. *Willard* v. *Stone*, 253 Mass. 555, 561, 562. *Dubinsky* v. *Cama*, 261 Mass. 47, 57. *Les* v. *Alibozek*, 269 Mass. 153. *Dyer* v. *Siano*, 298 Mass. 537, 541. *Saxlehner* v. *Eisner & Mendelson Co.* 179 U. S. 19, 31. The plaintiff did not lose, nor did the defendant gain, title by abandonment.

It is no defence to an action for conversion that a defendant who exercised dominion over the goods did so in good faith, reasonably being mistaken in thinking the facts to be such as would give him a legal right to the goods. *Higginson* v. *York*, 5 Mass. 341. *Gilmore* v. *Newton*, 9 Allen, 171. *McPartland* v. *Read*, 11 Allen, 231. *Hills* v. *Snell*, 104 Mass. 173, 177. *Robinson* v. *Bird*, 158 Mass. 357, 360. *Oliver Ditson Co.* v. *Bates*, 181 Mass. 455. *Orcutt* v. *Gast*, 231 Mass. 305. *Smith* v. *Colby*, 67 Maine, 169. *Morrill* v. *Moulton*, 40 Vt. 242. *Ryan* v. *Chown*, 160 Mich. 204. The exercise of due care does not excuse a conversion. *Guttentag* v. *Huntley*, 245 Mass. 212, 215. Neither is contributory negligence of the plaintiff any defence to an action for conversion. *Varney* v. *Curtis*, 213 Mass. 309, 312. *Somerville National Bank* v. *Hornblower*, 293 Mass. 363, 369, 370. *Platt* v. *Tuttle*, 23 Conn. 233. *Pease* v. *Smith*, 61 N. Y. 477. The cases where a defendant who has received goods

from one who without right has assumed dominion over them is held free from liability for returning them to the latter or for moving them at his direction, rest on the ground that the defendant has asserted no dominion. *Loring* v. *Mulcahy*, 3 Allen, 575. *Metcalf* v. *McLaughlin*, 122 Mass. 84. *Shea* v. *Milford*, 145 Mass. 525. *Gurley* v. *Armstead*, 148 Mass. 267. *Varney* v. *Curtis*, 213 Mass. 309, 313–318. *Smith* v. *Colby*, 67 Maine, 169, 171.

The principles already discussed do not govern this case. Here the plaintiff had no right to continue to keep her property in the building. The defendant entered under its paramount right to the possession of the mortgaged building and land, free from the plaintiff's property. Its duty as to that property did not extend beyond reasonable conduct. The building had been vacant a long time. The defendant did not know to whom the property belonged, and consequently could not deliver it to the plaintiff. Its apparent worthlessness excused the defendant from searching for the owner. Moving the property into the street would have made the defendant liable for a public nuisance. *Finnigan* v. *Hadley*, 286 Mass. 345, 347. *Adjmi* v. *Ginter Restaurant Co.* 291 Mass. 224, 226. No storage warehouse could be expected to receive worthless property, depending for payment upon a lien. The defendant could not be expected to contract for storage that probably would continue indefinitely. There was little for the defendant to do but that which it did.

A common experience for one who takes possession of a building or tenement as tenant, purchaser or foreclosing mortgagee, is to find in it broken, dilapidated or otherwise worthless furniture, tools or equipment, apparently abandoned by the former occupant. His duty depends upon its value to the eyes of a reasonable man in his position, not upon the value that it may later be shown to have. He is entitled to act upon appearances. Here the defendant's agent reasonably deemed the property worthless. He caused it to be removed from the building, and thrown away. This was no wrong to the plaintiff. Her own conduct led the defendant naturally to the course taken. *Hills*

v. *Snell,* 104 Mass. 173, 178. *Finnigan* v. *Hadley,* 286 Mass. 345, 348. *Somerville National Bank* v. *Hornblower,* 293 Mass. 363, 369. The *dictum* in *Blackinton* v. *Pillsbury,* 260 Mass. 123, 126, 127, related to a different state of facts.

The requests for rulings presented by the plaintiff contain nothing that requires further discussion.

*Exceptions overruled.*