Pettingell, P. J.
Action of contract in which the plaintiff sues to recover on the first count of the declaration “under a parole agreement to hire a certain barn,” the rent for the barn being payable quarterly in advance. On the second count, the plaintiff seeks to recover for $45.00 for use and occupation of the barn. Both counts are for the same cause of action.
The answer is a general denial, payment, denial of signature, breach of warranty and the statute of frauds.
No question of pleading is raised by any pleading or request for ruling.
There was evidence that the defendant, who was in the trucking business and dealt in leather, saw the barn, inspected it from the outside, looked underneath the barn which was on sloping ground, the rear being four feet above the ground, and then approached the plaintiff’s husband who had charge of letting the building. The defendant told the husband that he wanted to hire the barn for an indefi *108 nite period: He did not tell the plaintiff’s husband that he intended to drive a truck load of leather into the barn. The plaintiff’s husband was disinclined to let the barn, which he said was old and dry rotted. He said also that the tenant in the dwelling house had been given permission to store things in the barn. The defendant said that the barn was suitable for his use and that it was all right. He then engaged the barn.
The trial judge found among other facts as follows:
“After this examination (from the outside and underneath) he told the plaintiff’s husband he wished to hire the barn for storing leather and that he would pay for it, three months in advance at $15.00 per month. He gave the plaintiff’s husband a check for $45.00. He told the plaintiff’s husband that he wished to hire the barn for an indefinite time. The defendant hired the barn from his personal observation, but at that time he had not seen the inside of the barn. The plaintiff’s husband made no false representations or warranty about the barn.”
The defendant, following instructions from the plaintiff’s husband, got the key from the tenant of the dwelling house on the premises, opened the barn door, looked in, moved to one side various articles stored in the barn and drove his truck, weighing 6600 pounds and carrying a load of leather weighing five tons, into the barn. There was in the floor a trap door, which the defendant had not seen, through which one of the wheels of the truck broke. In order to get the truck out it was necessary to unload the leather. After the truck was out, and the leather reloaded, the defendant drove away, his interest in the barn at an end. He did not go back to it again.
There were further negotiations about repairing the damage done by the truck, the plaintiff meanwhile holding the check. Ultimately the plaintiff wrote the defendant that *109 if the damage was not made good, he would deposit the check. The defendant stopped payment on it.
The defendant made the engagement to hire the barn April 8, 1942, which is the date of the check. On the check is written, ‘ ‘ On acct for rent 8 Franklin st. Salem @ $15.00 per month.” May 1, 1942, the plaintiff brought the writ in this case.
The concluding paragraph of the trial judge’s finding is as follows:
“I find that the defendant hired the barn as a tenant at will at a rental of $15.00 a month; that the defendant had the use and occupation of the barn for three months; that the agreed rent was $15.00 per month, and that the plaintiff did not warrant the condition of the barn. ’ ’
There was a finding for the plaintiff. The defendant alleges error in the denial of three rulings requested by him. Two other rulings, the first and third, also requested, were waived by the defendant. Those now relied upon are as follows:
“2. Upon the law and all the evidence the defendant was not given possession of the premises, and no entry was made by him.
“4. Upon the law and all the evidence the agreement in this case was an executory agreement for letting and was not enforceable because it was not in writing.
“5. Rent did not accrue in this case because upon the law and all the evidence the lessee did not enjoy the use of the premises.”
Although the answers filed raised various defenses, the only error open to the defendant is the denial of his three rulings requested. The first two are within the scope of Rule 27 of the District Court Rules (1940 Ed.), being possible of specifications as required by that rule. Caruso v. *110 Shelit, 282 Mass. 196, at 198. There was no error in their denial.
If the fourth request be regarded as containing in its language all the specifications which are necessary to describe properly the issue which the defendant was attempting to raise, the defense of the statute of frauds, the result is the same.
The parties entered into an agreement for the letting of a barn. The rent was agreed upon as $15.00 a month three months payable in advance. The defendant gave a check for that amount and the plaintiff gave him possession of the premises. The defendant entered the premises with a load of leather. His subsequent change of mind and withdrawal from the premises cannot affect what had proceeded it because the bargain was concluded when he took possession of the premises.
The law is well stated in Cottage Street Methodist Episcopal Church v. Kendall, 121 Mass. 528, at 530, as follows:
“When one promises to pay another a certain sum of money for doing a particular thing, which is to be done before the money is paid, and the promisee does the thing, upon the faith of the promise, the promise which was before a mere revocable offer, thereby becomes a complete contract, upon a consideration moving from the promisee to the promisor; as in the ordinary case of an offer of a reward.” Hubon v. Park, 116 Mass. 541, at 543. Hebrew Association v. Beushimol, 130 Mass. 325, at 328. Wellington v. Apthorp, 14 Mass. 69, at 73. Aspinwall v. Boston, 191 Mass. 441, at 445. Des Riviers v. Sullivan, 247 Mass. 443, at 446. Liberty Trust Co. v. Price, 259 Mass. 596, at 604. McCrillis v. L. Q. White Shoe Co., 264 Mass. 32, at 33. Westminster National Bank v. Graustein, 270 Mass. 565 at 583.
In this case the defendant promised to pay $45.00 for the use of the barn; the plaintiff gave him possession of the barn. The defendant’s liability to pay $45.00 was then absolute. In payment of that amount he gave the check in *111 question which constituted “a mere contract between the drawer and the payee, on which, if payable to bearer, and not payable by the drawees, any holder might doubtless sue the drawer.” Carr v. National Security Bank, 107 Mass. 45, at 49. The defendant had a right to stop payment on his check. Tremont Trust Co. v. Burach, 235 Mass. 398, at 401, but his act in stopping payment affected only his relations with the bank; he could not by an ex parte act terminate the contract which he had made with the plaintiff. His contract to occupy the premises “would continue until determined in the mode provided by statute, or by the mutual agreement of the parties.” Sprague v. Quinn, 108 Mass. 553, at 554. Elliott v. Stone, 12 Cush. 174, upon which the defendant relies as authority for the statement that an agreement to pay rent quarterly in advance is an “ executory agreement” was referring to rent which had not been paid in advance when due, not to a first quarterly payment which was to be made before the tenant might enter. It is to be noted, also, that in that case the court said of such an agreement to pay in advance that it created “perhaps, a personal liability.” In this case, in which the defendant would not have been allowed to enter the premises but for the prepayment of -the amount of the amount promised, the promise did create a personal liability.
The check itself is a sufficient memorandum of the contract to take the case out of the statute of frauds. Little v. Pearson, 7 Pick 301. If the party to be charged has inserted his name in any part of the paper in his own handwriting, it is sufficient to satisfy the statute. Hawkins v. Chace, 19 Pick 502, at 505. “It is sufficient if the names of the principals are inserted in such form and manner as to indicate that it is their contract, by which one agrees to sell and the other to buy the goods or merchandise specified, upon the terms therein expressed.” Coddington v. God *112 dard, 16 Gray 436, at 444. The check expressed all the terms of the sale, the payment to the plaintiff by the defendant of $45.00 for three months rent of the premises at 8 Franklin Street, Salem, and was signed by the defendant, the party to foe charged.
The fifth request was properly denied, because inapplicable in view of the trial judge’s findings of fact which show that the plaintiff’s husband delivered possession of the barn to the defendant and that the latter took actual possession. Mahoney v. Norcross, 284 Mass. 153, at 153, 154. Cameron v. Buckley, 299 Mass. 432, at 434.
The date of the writ is an immaterial matter as the liability of the defendant began when the contract was made, almost a month before the writ was taken out. The first count is not a declaration for rent but is based upon a personal 'contract entered into by the defendant to secure the premises. No contention has been made that the action should have been on the 'check, or that it was improper to declare on a paroi contract.
No prejudicial error appearing, the report is to be dismissed.