Robbins, J.
This is an action of tort in which the plaintiff seeks to recover for the conversion of 100 “Mirro-Matie” pressure cookers.
The answer is a general denial and a plea of accord and satisfaction. The Court found the following facts:
*135 “The Court finds that the Plaintiff, Samuel N. Freedman, d.b.a. Pioneer Supply Company, and the Defendant were both engaged in the retail sales of household articles at homes in Western Massachusetts and employ — agents to solicit business from house to house; that on or about July 24, 1947, the Plaintiff ordered 100 ‘Mirro-Matic’ pressure cookers from the Aluminum Goods Manufacturing Company of Wisconsin; and that on or about July 23,1947, 100 ‘Mirro-Matic’ pressure cookers were shipped by the Aluminum Goods Manufacturing Company and bill of lading was forwarded to the Plaintiff.
The Court finds that at that time the Plaintiff became the owner of the pressure cookers.
On or about August 4, 1947, the pressure cookers arrived at the Spring-field Freight Office of the Boston and Maine Railroad and the Railroad delivered the cookers to the Sheldon Transfer Company for delivery. However, instead of delivering the pressure cookers to the Plaintiff, the Sheldon Transfer Company delivered the pressure cookers to the Defendant’s Place of business, where a servant of the Defendant paid the freight bill. Previously, on or about July 15, 1947, the Defendant had placed an order with the aforesaid Aluminum Goods Manufacturing Company of Wisconsin for 250 pressure cookers, and when the delivery of 100 pressure cookers was made to the Defendant, the Defendant, in good faith assumed that it was a part of the order which it had placed with the aforesaid Aluminum Goods Manufacturing Company. The 100 ‘Mirro-Matic’ pressure cookers were each wrapped separately in a large, cardboard carton, on the outside of which appeared large advertising of the ‘Mirro-Matic’ pressure cooker, and on a corner of each was of a white slip of paper bearing the name and address of the Plaintiff. At the time of the delivery of these pressure cookers to the Defendant, about 50 of the cookers were taken by salesmen of the Defendant and disposed of to various customers. The remaining pressure *136 cookers were left in the cartons and placed in the basement of the Defendant’s store, and shortly thereafter were disposed of in the usual course of business.
On or about August 27, 1947, the Plaintiff learned from the Boston and Maine Railroad that the pressure cookers had been delivered to the Defendant through error, and immediately made a legal demand upon the Defendant for the delivery of the pressure cookers. However, the Defendant had already disposed of the pressure cookers and was unable to comply with the demand. The Alnminnm ■ Goods Manufacturing Company extended a credit to the Plaintiff which was subsequently applied by him to a delivery of 100 pressure cookers which was made to him on or about September 12, 1947. The Defendant paid the Aluminum Goods Manufacturing Company for the disputed 100 pressure cookers on or about September 2, 1947.
The Court finds that the use of the property by the Defendant was by mistake and in good faith and is not a conversion of the Plaintiff’s property.”
The plaintiff seasonably presented inter alla the following requests, all of which were denied as contrary to the facts found:
“(1) The evidence warrants a finding for the Plaintiff under Count 1 of his amended declaration. (2) The evidence does not warrant a finding for the Defendant under Count 1 of the Plaintiff’s amended declaration. (3) The evidence warrants a finding for the Plaintiff under Count 2 of his amended declaration. (4) The evidence does not warrant a finding for the Defendant under Count 2 of the Plaintiff ’s amended declaration. (5) The evidence warrants a finding for the Plaintiff under Count 3 of his amended declaration. (6) The evidence does not warrant a finding for the Defendant under Count 3 of the Plaintiff’s amended, declaration. (7) The evidence warrants a finding for the Plaintiff under Count 4 of his amended declaration. (8) The evidence does not warrant a finding for the Defendant under Count 4 of the Plaintiff’s amended declaration. ’ ’
*137 The grievances claimed by the plaintiff are the denial of his requests numbered 1 to 8 inclusive, and ruling* by the court that the use of the property by the. defendant is not a conversion of the plaintiff’s property.
The evidence showed, and the Trial Court found, that upon delivery to the carrier by the Aluminum Goods Manufacturing Company of the shipment of pressure cookers on July 23, 1947, the plaintiff became the owner of those pressure cookers. G. L. c. 106, § 21, 4(2).
The receiving and sale of the plaintiff’s property by the defendant would usually constitute a conversion. The Trial Court found, or rather ruled, that since the defendant’s use of the pressure cookers was by mistake and in good faith, there was no conversion. This ruling in our opinion was prejudicial error. Row v. Home Savings Bank, 306 Mass. 522, 525 and cases there cited.
In its brief the defendant concedes that neither good faith nor mistake by themselves are a defense to a charge of conversion, but it contends that it was induced by the plaintiff into using the pressure cookers, and that this released it from liability. In support of this position the defendant cites the case of Hills v. Suell, 104 Mass. 173. That case is undoubtedly good law, but it is easily distinguishable in that there is no evidence reported in the case at bar that the railroad company or the transfer company had any authority to deliver the goods to the defendant.
We have been unable, also, to find in the report any evidence to sustain the plea of accord and satisfaction.
Since in our view of the case there must be a new trial, we need not consider the Trial Court’s refusal to give the plaintiff’s first eight requests, all of which are based upon the amended declaration, of which no statement is included in the report. Hew trial granted.