Fremont-Smith, Thayer, J.
This case, in which plaintiff alleges that his personal property was maliciously destroyed by the defendant, was tried jury-waived in January 2007. Based upon all of the credible evidence, the Court makes the following findings, rulings and order for judgment.
Adams is an inventor who holds patents for a number of products. For many years he and the defendant’s father, Victor Castelline, had been friends and they had together manufactured some of Adams’s products at a tool shed located at 536 North Avenue, Weston, which was Victor’s home. In 1989, defendant was made a joint tenant of the property, together with Victor and his wife. At a later time, as Victor suffered from Alzheimer’s disease, his other son, Anthony, was given a power of attorney over Victor’s affairs.
In February 2003, the residence was severely damaged by fire, and the family agreed in October 2003 (pursuant to a settlement agreement in regard to the insurance proceeds which was approved by the Probate Court), that Anthony (on behalf of his father) and Stephen were to have full access to the property without interference. In 2004, Victor died, and the family members agreed to raze the structures on the property and sell the property to a developer. There had long been animosity between Adams and Stephen, and, after Victor’s death, Adams’s continuing use of the shed to manufacture his products resulted in angiy confrontations between them to the point that several restraining orders were obtained by Adams against Stephen which prohibited him from threatening Adams and from tampering with or destroying Adams’s tools or machinery still in the shed.
In October 2004, it having been decided to raze the residence and the shed, Stephen and the developer each told Adams that he should forthwith remove his tool and machinery, but he refused to do so.
Finally, on October 14, 2004, defendant took matters into his own hands and threw many of plaintiffs tools outside and made holes in the shed, causing the tools and machinery which remained in the shed to become damaged by the elements. Other tools were strewn about the shed in a partially destroyed condition. After complaints were made to Stephen’s attorney, the destruction ceased for a time but then resumed, damaging plaintiffs tools to the value of about $24,500.[1]
It is true that, after Victor’s death, Adams’s legal right to continue to leave his tools and machinery in the shed, and to continue to use it for manufacturing was questionable at best.[2] The fact remains that Stephen was not justified, and he acted unreasonably in simply destroying them rather than causing them to be removed and stored in a warehouse (the cost which could have been paid from the fire insurance proceeds). Compare: Row v. Home Savings Bank, 306 Mass. 522 (1940) at 526 (owner of premises did act reasonably in destroying property left by former tenant in circumstances where the property was not “abandoned,” but where the owner’s whereabouts were unknown so that any storage bills would remain unpaid).[3]
It may be said with justification that Adams was himself partially responsible for his loss, as he was *28 warned that the shed was about to be razed and was advised to remove his property. Contributory negligence, however, has been held not to be a defense to an intentional tort, which is alleged here. Row, supra, at 525; Flood v. Southland Corp., 416 Mass. 62, 65 (1993).
ORDER FOR JUDGMENT
Accordingly, judgment shall enter for the plaintiff in the sum of $24,500. This amount plus any interest thereon which is being held in the Court escrow account to secure this judgment, shall promptly be paid to the plaintiff.

As an owner of the property and familiar with the value of these tools, I accept Adams’s opinion of value as accurate.

he premises were zoned for residential use, and the zoning bylaw required a special permit for manufacturing, which Adams had not obtained.

Stephen’s destruction of Adams’s property, moreover, was in violation of the several protective orders Adams had obtained which specifically prohibited such destruction.