Galvin v. Bacon.

---

## GALVIN VS. BACON.

The plaintiff, being the owner of a horse, bailed him to A for use for a limited period, under the expectation of a purchase by the latter. During the time, A for a valuable consideration and without notice, sold the horse to B, and he, in like manner, to the defendant. *Held*, that no previous *demand* was necessary, to enable the owner to maintain replevin *against the last purchaser.*

THIS was an action of replevin for a horse. On trial before *Weston Justice*, it appeared that the horse was originally the property of the plaintiff. That the defendant bought him of one *McAllister*, he of one *Scott*, and *Scott* of one *Staples*, to whom the horse had been delivered by the plaintiff for use for a limited period and under the expectation of a purchase by *Staples*. The horse in question was delivered at each of these sales, and it was agreed that *Scott*, *McAllister*, and the defendant respectively purchased *bonâ fide* for a valuable consideration, and without notice of any claim or interest in the plaintiff. There was no evidence that the plaintiff had made any demand on the defendant for the horse prior to the bringing of this action. Whereupon it was insisted that the plaintiff had failed to support the action. But with a view to have the jury pass upon the question of general property which was in controversy, the presiding Judge ruled otherwise. The jury returned their verdict for the plaintiff. If

upon the foregoing ground, he had failed to make out a case, entitling him in the opinion of the Court to retain it, the verdict was to be set aside and a new trial granted; otherwise, judgment was to be rendered thereon.

*A. G. Chandler* for the defendant, contended that, as the horse came lawfully to the possession of the defendant, he could not be liable in replevin for an *unlawful* taking — that this suit could be sustained only on the ground of an *unlawful detention,* and of that there was no proof. The original taking having been lawful, a demand before suit was indispensably necessary. Without this there could be no wrongful detention. *Gates* v. *Gates,* 15 *Mass.* 311. Nor do the cases of *Hussey & al.* v. *Thornton & al.* 4 *Mass.* 405, and *Marston* v. *Baldwin,* 17 *Mass.* 606, make against this position. It is true it is there decided, that where goods are delivered in pursuance of a conditional sale, which condition has not been performed by the vendee, the vendor may reclaim them by *replevin.* That, as replevin is founded on property and not on possession, there is, notwithstanding such sale and delivery, sufficient interest or property in the goods remaining in the vendor, to sustain the action of replevin; and that replevin did lay, notwithstanding the defendant's original possession was lawful. But it is not decided, that in such cases the plaintiff need not prove a demand, or show the existence of facts which go to constitute *a wrong* in the defendant, to be redressed by the suit.

In *Seaver* v. *Dingley,* 4 *Greenl.* 316, this subject is fully examined, and the Court expressly say, that "no action of replevin will lie for goods of which the defendant lawfully obtained the possession until after demand."

In this case, *Staples* came lawfully into possession of the horse, and by consequence, *Bacon* also, who holds by title derived from the former, and no demand has been made on either. 6 *Bac. Abr.* 563, *Trespass* (C) 1. 2. *Ib.* 577. *Trespass* (E) 2. 6.

The other point decided in *Seaver* v. *Dingley,* that if the defendant in replevin plead property in himself, it is not necessary for the plaintiff to prove a demand previous to the suing out of the writ, turned entirely on a question of *pleading,* and not on the general principles having relation to the foundation of the action.

*Downes* for the plaintiff cited *Baker & al.* v. *Fales*, 16 *Mass.* 151; *Oliver* v. *Smith*, 5 *Mass.* 184; *Buffington & al.* v. *Gerrish & al.* 15 *Mass.* 158; *Seaver* v. *Dingley*, 4 *Greenl.* 316.

The opinion of the Court was delivered by WESTON J.

Where a party is rightfully in possession of property belonging to another, he does not unlawfully detain it, until after a demand by the true owner and a refusal. But if the taking is tortious, no such demand is necessary. This is a principle uniformly applied in actions of trover. In *Gates* v. *Gates*, 15 *Mass.* 311, and in *Seaver* v. *Dingley*, 4 *Greenl.* 306, the same rule is understood to apply in cases of replevin. In some other cases cited, as in *Hussey & al.* v. *Thornton & al.* 4 *Mass.* 405, and in *Marston* v. *Baldwin*, 17 *Mass.* 606, this point does not appear to have been taken.

It is assumed in argument, on the part of the counsel for the defendant, that his possession was lawful, and that a demand was necessary by the plaintiff, to enable him to maintain replevin. And if his premises are correct, he is sustained in this position, by some of the cases cited. The possession of the defendant did not subject him to the imputation of any thing morally wrong. He acted in good faith, having purchased of one whom he supposed to have been the rightful owner; as did two others, who successively purchased and sold the horse in question. But their supposition did not accord with the fact. The horse was from the beginning the property of the plaintiff; and he had never authorized either of these sales.

Whoever takes the property of another, without his assent express or implied, or without the assent of some one authorized to act in his behalf, takes it, in the eye of the law, tortiously. His possession is not lawful against the true owner. That is unlawful, which is not justified or warranted by law; and of this character may be some acts, which are not attended with any moral turpitude. A party honestly and fairly, and for a valuable consideration, buys goods of one who had stolen them. He acquires no rights under his purchase. The guilty party had no rightful possession against the true owner; and he could convey none to another. The purchaser is not liable to be charged crim-

inally; because innocent of any intentional wrong; but the owner may avail himself against him of all civil remedies, provided by law for the protection of property. If the bailee of property for a special purpose, sells it without right, the purchaser does not thereby acquire a lawful title or possession.

In the case before us, *Staples* was rightfully in possession of the horse, but he had no right to sell him; if he had, the plaintiff would, upon the sale, have ceased to be the owner, which has been negatived by the verdict. It does not follow, because his possession was rightful, that those who hold under him are also lawfully in possession. Indeed the very reverse is true. *Staples* had the horse by the assent of the owner; but he sold him in his own wrong, and in violation of the rights of the plaintiff. The defendant came honestly by the horse, but he did not receive possession of him from any one authorized to give it, and is therefore liable *civiliter* to the true owner for the taking, as well as for the detention.

*Judgment on the verdict.*