## JAMES DONAHUE *vs.* BENJAMIN D. SHIPPEE.

To sustain an action of trover it is sufficient to show a wrongful assumption of dominion by the defendant over the plaintiff's property, and in violation of the plaintiff's rights.

Hence, when standing grass had been bought, a part by A. and another part by B., and no fence separated the parts, and C., the servant of B., unintentionally cut some of A.'s grass, which was afterwards removed, not by C., but by B.,—

*Held*, that A. could maintain trover against C.

EXCEPTIONS to the Court of Common Pleas.

The action was trover and conversion. After verdict for the plaintiff in the Court of Common Pleas, and judgment thereon, the defendant brought his exceptions to this court.

*February* 5, 1887. MATTESON, J. This is an action of trover for the conversion of a quantity of standing grass. The plaintiff purchased the grass growing on a parcel of land, and the Cranston Bleaching and Dyeing Company purchased the grass growing upon an adjoining parcel. There was no fence separating the parcels, nor any bounds to mark the line between them. The defendant, who was employed by the Cranston Bleaching and Dyeing Company, cut by its direction the grass purchased by it, and, not knowing where the boundary line was, unintentionally cut some of the plaintiff's grass. He himself, however, did nothing more than cut the grass. He left it on the ground where it was cut, and other employees of the Cranston Bleaching and Dyeing Company spread it, and, when it was sufficiently cured, raked it up, drew it away, and put it into the company's barn. Subsequently the plaintiff, having ascertained that the grass had been cut by the defendant, brought this action.

The question raised by the exceptions is, whether the mere cutting of the grass without removing it, or attempting to do so, and without preventing the plaintiff from removing it, amounted to a conversion.

We think the question must be answered in the affirmative. The cutting of the grass, as the grass of the Cranston Bleaching and Dyeing Company, with the intent that it should be appropriated to the company's use, was an act of dominion over it equivalent to an assertion of the company's ownership of it, and, therefore, an act necessarily inconsistent with the title of the plaintiff. Such an act is clearly a conversion. Remarks of Brett, J., in *Fowler* v. *Hollins*, L. R. 7 Q. B. 616, 626 ; Note to *Donald* v. *Suckling*, Bigelow Lead. Cas. on Torts, 428. In 6 Bacon Abr. 677, the editor defines a conversion in the following words : " The action being founded upon a conjunct right of property and possession, any act of the defendant which negatives, or is inconsistent with, such right, amounts in law to a conversion. It is not

necessary to a conversion that there should be a manual taking of the thing in question by the defendant. It is not necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's right? If he does, that is in law a conversion, be it for his own or another's use." This language has been adopted in `Bristol v. Burt`, 7 Johns. Rep. 254; *Reynolds* v. *Shuler*, 5 Cow. 323; *Liptrot, Adm'r,* v. *Holmes*, 1 Ga. 391. In *Reid* v. *Colcock*, 1 Nott & McCord, 592, 598, the court remarks: " Every assuming to dispose of the property of another, or the least intermeddling with it, in a manner subversive of the dominion which the owner has over it, is sufficient evidence of a conversion."

Nor does the fact that the cutting of the grass was unintentional, in the sense that it was done in ignorance of the location of the boundary line, make any difference. It was, nevertheless, a wrongful assumption of dominion over the property of the plaintiff in violation of his right. In *Boyce* v. *Brockway*, 31 N. Y. 490, 493, it is said: " Wrongful intent is not an essential element of the conversion. It is enough that the rightful owner has been deprived of his property by some unauthorized act of another assuming dominion or control over it." So, too, in *West Jersey R. R. Co.* v. *Trenton Car Works Co.* 32 N. J. 517, 520, the court says: [In every case in which the inquiry arises whether a conversion has been committed, the only point to be settled is whether the defendant has applied to his own use the property of another without his permission and without legal right. His motives for so doing, or the state of his knowledge with reference to the right of such owner, are of no importance, and cannot in any respect affect the case."] And see, also, *Fowler* v. *Hollins*, L. R. 7 Q. B. 616, 626, 635 ; *McCombie* v. *Davies*, 6 East, 538. And it has repeatedly been held that it is no protection to one who has received property and disposed of it in the usual course of trade that he did so in good faith, and in the belief that the person from whom he took it was the owner, if in fact the possession of such person was tortious. *Hardman* v. *Booth*, 1 H. & C. 803, 806 ; *Everett* v. *Coffin*, 6 Wend. 603, 609; *Williams* v. *Merle*, 11 Wend.

80, 81 ; *Galvin* v. *Bacon*, 11 Me. 28 ; *Carter* v. *Kingman*, 103 Mass. 517.

*Exceptions overruled ; judgment of Court of Common Pleas affirmed with additional costs of this court.*

*John Palmer*, for plaintiff.

*Ziba O. Slocum*, for defendant.