THE NESTLE-LEMUR COMPANY *vs.* JAMES J. CORRIGAN, *Tr.*
APRIL 12, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trover to recover damages for the alleged conversion by the defendant of a hair waving machine. At the trial of the case in the superior court, at the conclusion of all the evidence, the trial justice directed a verdict for the defendant. To this ruling the plaintiff is now prosecuting his exception in this court.

The record shows the following facts, which are substantially undisputed. The defendant is the trustee in bankruptcy in the United States District Court for the District of Rhode Island of the estate of James Sarubi Co., Inc., dealers in barber and beauty parlor supplies and equipment. The plaintiff had delivered to the above-mentioned corporation two hair waving machines on consignment, the title thereto remaining in the plaintiff until they were fully paid for. At the time of the appointment of the defendant as

314

trustee as aforesaid these machines came into his possession, but the bankrupt corporation had not at that time completed the payments due the plaintiff on such machines.

Thereupon, the plaintiff filed with the referee in bankruptcy a reclamation petition in which it claimed to be entitled to the immediate possession of the machines in question, and asked that they be returned to it by the trustee. On June 3, 1936, after a hearing on said petition, the referee in bankruptcy entered an order which was in part as follows: " . . . it appearing that the bankrupt has no title to the property set forth in this petition, it is ordered that said petition be and it is hereby granted." The plaintiff later got one of the machines described in its reclamation petition, but failed to obtain possession of the other, such failure being the basis of the present action.

It further appears from the record that the defendant as trustee in bankruptcy sold for a substantial sum to a concern located in Worcester, Massachusetts, certain assets of the estate of the bankrupt corporation. The bill of sale executed by the defendant as trustee in bankruptcy and approved by the referee, by which such sale was carried out, conveyed title in the following language only: " . . . all the right, title and interest as Trustee in Bankruptcy of James Sarubi Co., Inc., in and to certain machinery and equipment and stock-in-trade and office furniture now in the premises numbered 69 Brayton Avenue, Providence, Rhode Island, without any warranty expressed or implied either as to type, quality, quantity or condition and subject to liens and encumbrances thereon." This bill of sale was also executed June 3, 1936.

The machine involved in the instant case was on the premises at 69 Brayton avenue, Providence. The evidence reveals without contradiction that on June 3, 1936, in the office of the referee, after the plaintiff's reclamation petition hereinbefore referred to had been granted, the defendant said to plaintiff's attorney: "I will take you up there now

and give you that machine. It is yours." The attorney replied that he had to communicate with the plaintiff in order to get shipping instructions. The defendant then told the attorney that the contents of the premises had been sold; that the defendant was no longer liable for the rent there and that "if he (the attorney) wanted I would walk right up with him then and see that he got the machine." On that same day the defendant delivered the keys of the premises to an agent of the concern which had purchased the bankrupt's goods.

The evidence reveals that later, in the month of June, after the plaintiff's attorney had difficulty in locating the machine in question, he several times telephoned the defendant, who attempted to assist the attorney in his search. A representative of a freight service also communicated with the defendant in reference to getting the machine. On July 14, 1936 a formal demand for the return of the machine to the plaintiff was made upon the defendant by the former by registered mail.

The defendant contends that, under the facts as above set out, he is not liable for any damages to the plaintiff by reason of any conversion by him of the machine involved herein. The evidence does not show that on July 14, 1936, when the plaintiff made demand on the defendant, the latter had the machine in his possession and, therefore, the plaintiff cannot claim any conversion by the defendant as of that date. The plaintiff, however, argues that the defendant's conduct on June 3, 1936 amounted to a conversion of the machine because on that date he failed to deliver it forthwith to the plaintiff as ordered by the referee, but, on the contrary, sold and delivered it over to the concern which had purchased the bankrupt's goods, when he executed the bill of sale and turned over to such concern the keys and possession of the premises where the machine then was. The plaintiff also maintains that under such circumstances no demand on his part, other than the filing of the reclamation petition, was necessary to prove a conversion by the defendant.

We are of the opinion that the plaintiff's first contention in this regard is not sound. Whether or not the defendant carried out the order of the referee is not a material issue before us in this case. It may be noted, however, that the evidence clearly shows that the defendant on June 3, 1936, offered to go immediately with plaintiff's attorney to the premises in question and deliver to him the machine, but the attorney declined to take advantage of this offer at that time, and thus obtain the machine as he might have done. No future responsibility as to the machine was assumed by the defendant. In view of the fact that the bankrupt's goods in said premises had been sold, we cannot say that the defendant took an unreasonable position, having in mind the preservation of the bankrupt's estate for its creditors, when he surrendered possession of the premises and thus relieved himself of the liability of paying further rent therefor.

It has been held, in substance, that one who, even in good faith, sells the goods of another is guilty of converting them, and no demand by the owner upon such person is necessary as a prerequisite to the bringing of an action of trover. *Combination Fountain Co.* v. *Millard,* 50 R. I. 50. In the instant case, however, it is clear that the defendant did not sell or attempt to sell the machine in question to the purchaser of the other goods in the premises at Brayton avenue. This is shown by the terms, hereinbefore set out, of the bill of sale which was given by the defendant to such purchaser. The referee had determined that the plaintiff was the owner of and had title to the machine in issue and, therefore, the defendant had no right, title or interest therein which he could pass to the vendee under the bill of sale.

This court on several occasions has considered the general nature and characteristics of a conversion such as will support an action of trover. In *Donahue* v. *Shippee,* 15 R. I. 453, at page 454, the court quoted with approval this language from 6 Bacon Abridg. 677, *viz.*; "The action being founded upon a conjunct right of property and possession, any act of the defendant which negatives, or is inconsistent

with, such right, amounts in law to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant. It is not necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's right? If he does, that is in law a conversion, be it for his own or another's use."

The following definition of the conversion of a chattel after a demand appears in *Claflin* v. *Gurney,* 17 R. I. 185, at page 187: "The conversion consists in the retention of the chattel under a claim of right, or in the assumption of a dominion over it in contravention of the owner's right." See also *Smith* v. *Hurley,* 29 R. I. 489 and *Iavazzo* v. *Rhode Island Hospital Trust Co.,* 51 R. I. 459. In *Nelen* v. *Colwell,* 45 R. I. 465, it was decided that a refusal to deliver a chattel must, to constitute a conversion, amount to a denial or negation of the demandant's right, or be accompanied by an intent to convert the property to the holder's own use.

Generally speaking, negative conduct is not a sufficient ground on which to base a charge of conversion. The following statement from 65 C. J. 13 is supported by the citation of numerous cases: "Furthermore, the acts alleged to constitute a conversion must be positive and tortious. Mere nonfeasance or neglect of some legal duty does not amount to conversion and will not support an action of trover, although it may constitute sufficient ground to maintain an action on the case."

Applying the above principles to the uncontradicted facts of the instant case as they appear in evidence, we are of the opinion that such facts viewed most favorably for the plaintiff fail to establish that the defendant was guilty of the conversion of the machine involved herein. The most that can be urged on behalf of the plaintiff is that the defendant allowed the machine and certain personal property, which he had sold, to remain together on the premises at Brayton avenue, after he had given up the possession of said premises, of which situation the plaintiff at that time had knowl-

edge. The defendant's acts in this connection were at most of a negative character and were not positive and tortious. At no time did he refuse to deliver the machine to the plaintiff or retain it under a claim of right. Neither did he exercise any dominion over it in exclusion of the plaintiff's right thereto. The defendant made no claim whatever to the machine nor any attempt to convert it to his own use. In fact, he was ready to deliver it to the plaintiff and later offered to assist the plaintiff in locating it.

On the record before us, therefore, we see no question of fact which should have been submitted to the jury for their determination, and we find that the action of the trial justice in directing a verdict for the defendant was without error.

The plaintiff's exception is overruled, and the case is remitted to the superior court for the entry of judgment for the defendant on the verdict as directed.

*Max Winograd, William J. Carlos,* for plaintiff.

*Henry M. Boss,* for defendant.

