**In re SMITH CORSET SHOPS, INC., Debtor.**

**SMITH CORSET SHOPS, INC., Plaintiff,**

**v.**

**Laurent BRODEUR, Meredith Brodeur, Defendants.**

**Bankruptcy No. 80–00399–JG. Adv. No. A80–234.**

United States Bankruptcy Court, D. Massachusetts.

Oct. 7, 1980.

Samuel Newman, Boston, Mass., for plaintiff, debtor.

## MEMORANDUM AND ORDER

JAMES N. GABRIEL, Bankruptcy Judge.

The adversary proceeding before this court has been brought by Smith Corset Shops, Inc., for damages for the conversion of its personal property. Plaintiff, a Massachusetts corporation is the debtor in a Chapter 11 proceeding. The defendants are landlords under a lease entered into between the parties on December 29, 1978.

*Findings of Facts:*

According to its terms, the lease for the premises located at 276 Main Street, Woonsocket, Rhode Island, commenced on January 1, 1979 and was to expire on December

31, 1981. Rental payments, in equal monthly installments, were to be paid in advance, on the first business day of each month during said term.

On or about March 22, 1980, the plaintiff ceased doing business at the leased premises and closed its shop. No rental payment for the month of March had been received by the defendants at that time, and none was subsequently tendered.

Defendants commenced suit for trespass and ejectment against the plaintiff on March 25, 1980 in the 7th Division District Court for Providence County, Rhode Island. (C/A No. 80–268). Pursuant to Rhode Island law, an order of notice issued directing the landlord to serve process on Smith Corset by sending a copy of the complaint by certified and regular mail to Smith Corset Shops, Inc., at 242 Main Street, Brockton, Massachusetts (the corporation's principal place of business) and by posting a copy of the summons and complaint on the leased premises in Rhode Island. Smith Corset received notice on March 26, 1980 as verified by return receipt.

The District Court defaulted Smith Corset for failure to file an appearance in the case, and on April 7, 1980, entered an execution ordering that Smith Corset be evicted. On April 10 and April 11, 1980 a duly licensed constable removed the items from the premises at 276 Main Street, Woonsocket, and caused their transfer for storage to Jones Storage Warehouse, 59 Central Street, Providence, Rhode Island.

On March 21, 1980, prior to the commencement of any action by the landlord, Smith Corset filed a petition for reorganization under Chapter 11, Title 11 with the United States Bankruptcy Court for the District of Massachusetts. At the time of filing the bankruptcy petition, Smith was in default of its lease obligations. The landlord did not receive notice of the filing of the debtor's petition until April 15, 1980, at least four days after the goods had been removed from the leased premises.

Subsequent to receiving notice of the bankruptcy filing, on April 22, 1980, Mr. DiGianfilippo, the attorney for the defendants, sent a letter to the warehouse with the debtor's knowledge that it authorized the release of the stored merchandise to Smith Corset. All storage charges, through June 15, 1980 were paid by the defendants who caused the goods to be continually held available for the debtor.

*Conclusions of Law:*

The sole issue before this court is whether or not defendant's actions constitute a conversion such that defendant is justly required to pay the full value of the chattels.

Plaintiff argues that defendants' actions causing the removal of goods from the leased premises, alone, constitute a conversion. Plaintiff further contends that upon the filing of the bankruptcy petition, and the vesting of title of the goods in the debtor in possession, any action against the chattels is protected by the provisions of the automatic stay, 11 U.S.C. Section 362. This court does not agree.

Automatic Stay:

Section 362 of the Bankruptcy Code provides in relevant part:

(a) "a petition filed under Section 301 ... of this title operates as a stay, applicable to all entities, of–(3) any act to obtain possession of property of the estate or of property from the estate."

■ The intent of the automatic stay provisions is clearly to act as an injunction. Neither party has cited any case law in which a court has penalized a party for violating the provisions of a stay, whether it be a temporary restraining order or a preliminary injunction, where the party is without notice of its issuance. Moreover, the provisions of the Code itself protect a party who, without notice of the commencement of a case, transfers property of the estate in good faith. Section 542(c) specifically provides that:

"an entity that has neither actual notice nor actual knowledge of the commencement of the case concerning the debtor may transfer property of the estate, ... in good faith, and other than in the manner specified in subsection (d) of this section, to an entity other than the trustee,

with the same effect as to the entity making such transfer as if the case under this title concerning the debtor had not been commenced."

In the case currently before this court, both parties have agreed, and the court has found, that at the time of the commencement of legal process in Rhode Island and at the time of the alleged conversion, defendant was without knowledge of the bankruptcy proceedings.

The statutory provision of Section 542 in the new Code codifies prior case law. The Supreme Court, in the leading case of *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 N.Ed.2d 197 (1966), held that it would be inequitable to hold a drawee bank liable for paying checks duly issued by the bankrupt prior to filing but presented to and honored by the bank after adjudication, where the bank had no notice of the pending bankruptcy case.

Even without the use of Section 542, recent Bankruptcy Court decisions have interpreted that actions which violate the provisions of Section 362 must be considered in light of whether the actor had actual knowledge that the debtor had sought relief under the Bankruptcy Code at the time the violation occurred. See: *In re ABT*, 2 B.R. 323 (E.D.Pa.1980) Accordingly this court finds that the debtor's filing for relief and the concomitant provisions triggered thereby, are not dispositive for a final determination of this complaint.

Conversion:

■ This court must look to the law of the situs to determine whether defendants' actions constitute a conversion.

Applicable Rhode Island law suggest that "the acts alleged to constitute a conversion must be positive and tortious." *Nestle–Lemur v. Corrigan*, 60 R.I. 312, 198 A. 360 at 362, (1938). (Quoting 65 C.J. 13) Continuing, the *Nestle* court held that conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the rightful owner. *Nestle–Lemur v. Corrigan*, 60 R.I. 312; 198 A. 360 (1938).

Likewise, the Rhode Island court has held that where the actor exercises a dominion

in exclusion or in defiance of the plaintiff's right, for his own use or that of another, the actions constitute a conversion. *Donahue v. Shippee*, 15 R.I. 453 at 454; 8 A. 541 at 542 (1887).

The *Restatement Second of Torts* Section 222A suggests that "in determining the seriousness of the interference and the justice of requiring the actor to pay full value, the following factors are important:

(a) the extent and duration of the actor's exercise of dominion or control;

(b) the actor's intent to assert a right in fact inconsistent with the other's right of control;

(c) the actor's good faith;

(d) the extent and duration of the resulting interference with the other's right of control;

(e) the harm done to the chattel;

(f) the inconvenience and expense caused to the other.

The court finds that although the defendants caused the transfer of the chattels to a warehouse, they did not unwarrantly interfere with plaintiff's rights so as to constitute a conversion. The goods were held available for plaintiff. The defendants paid the cost of storage at the warehouse facility for a full two months after causing their transfer, and informed plaintiff of their availability. The interference exercised by the defendants over the chattels could have been brief in duration, but for plaintiff's refusal to retake possession. Furthermore, although plaintiff has alleged harm, the debtor has failed to introduce any evidence of injury caused by the transfer.

Plaintiff has not alleged that it was entitled to remain on the leased premises after default. In any event, the evidence clearly indicated that prior to any action by the defendants, plaintiff had decided to close the Rhode Island store and had so informed its employees. This decision, would have required the plaintiff to transport the merchandise from Rhode Island to its other store or stores in Massachusetts. It should also be noted that before any action was taken by defendants, the plaintiff was duly served and failed to respond.

One further issue should be addressed. Plaintiff has argued that the Rhode Island court lacked subject matter jurisdiction at the time the eviction order was issued and that this defect cannot be cured. Plaintiff is correct. As a matter of law, the filing of the bankruptcy petition vested in the Bankruptcy Court exclusive jurisdiction over all of debtor's property.[1] Nonetheless this court finds that defendants acted in good faith, believing they had obtained a valid court order, and had made the chattels available to the plaintiff immediately upon learning of the bankruptcy proceedings.

The facts, case law [2] and legal commentary [3] support this court's finding that defendants' actions were not a conversion.

Judgment for the defendants.

---

1. 28 U.S.C. Section 1471(e): The bankruptcy court in which a case under Title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.

2. *Boston Education Research Company v. American Machine & Foundry Company*, 355 F.Supp. 1272 (1973); aff'd 488 F.2d 344.
   Where plaintiff received actual notice that goods were being held and would be disposed of, and plaintiff failed to act timely, defendant is not liable for conversion.
   *Rowe v. Home Savings Bank*, 306 Mass. 522; 29 N.E.2d 552 (1940):
   Where a defendant enters under a paramount right to possession, defendant's duty to plaintiff's property remaining on the premises does not extend beyond reasonable conduct.

3. Rest. Second Torts, Section 222A Illustration 5.
   'A' takes possession of a house and B's furniture. A removes the furniture to a storage warehouse, stores it in the name of B, and notifies B that he may come and get it. This is not a conversion.