**In re SMITH CORSET SHOPS, INC.,**
**Debtor-Appellant.**

**Laurent Brodeur and Meredith**
**Brodeur, Appellees.**

**Bankruptcy No. 80–9009.**

Bankruptcy Appellate Panel
for the First Circuit.

March 15, 1982.

Marshall F. Newman, Boston, Mass., for debtor-appellant.

Joseph T. Little, East Providence, R.I., for appellees.

Before CYR, C. J.*, and VOTOLATO and JOHNSON, JJ.

VOTOLATO, Chief Judge.

The Debtor, Smith Corset Shops, Inc., (Smith) has appealed a decision of the United States Bankruptcy Court for the District of Massachusetts, which held that the Appellees, Laurent and Meredith Brodeur, did not convert Smith's inventory. The issue is whether the findings of the bankruptcy judge are supported by the record.

Brodeur, Smith's lessor, obtained an execution for possession on April 7, 1980, and pursuant to the execution had the inventory removed to a Providence warehouse. Smith asserts that the trespass and ejectment action which was commenced in the Rhode Island District Court violated the automatic stay which had been in effect since the filing of the Chapter 11 petition on March 21, 1980. 11 U.S.C. § 362. Consequently, it is argued, the execution for possession was a nullity *ab initio*, and the removal of the inventory constituted a conversion notwithstanding the fact that Brodeur did not receive notice of the Chapter 11 filing until April 15, 1980. Smith also contends that even after learning of the bankruptcy Brodeur did not make the inventory unconditionally available to Smith.

A careful review of the record discloses the following undisputed facts: (1) Between the time of the seizure of the inventory by Brodeur and the date of demand for

* CYR, C. J. not participating because of his appointment to the United States District Court

on October 2, 1981.

the return of the property by Smith's agent, Frances Bobkaitis, Smith filed a complaint in the Bankruptcy Court seeking damages resulting from the alleged conversion. (2) During the last three weeks in April, discussions took place between Bobkaitis and Brodeur's attorney, Joseph DiGianfilippo, concerning who should bear the expense of transportation and storage, and whether Smith would dismiss its pending action for conversion. (3) Although DiGianfilippo authorized the warehouse to release the inventory to Smith, the authorization was always contingent upon the dismissal of Smith's action for conversion. (4) DiGianfilippo at one point agreed to assume responsibility for the storage expense, but never retreated from his demand for dismissal of the pending action, nor from his insistence that Smith bear the cost of transporting the goods from storage to Smith's Brockton store.

Notwithstanding this state of the record, the bankruptcy judge found that Brodeur satisfied all storage charges, that DiGianfilippo unconditionally authorized the release of the inventory from storage, and held that the goods were continually available to the Debtor. Based on these findings of fact, the Bankruptcy Court concluded that the transfer and storage of Smith's goods was not an unwarranted interference with Smith's rights, and accordingly, that no actionable conversion occurred. *Smith Corset Shops Inc. v. Brodeur (In re Smith Corset Shops Inc.),* 6 B.R. 324 (Bkrtcy.D.Mass. 1980).

The record does not support the finding by the Bankruptcy Court that the inventory was unconditionally available to the Debtor at all times. DiGianfilippo vacillated in his position as to Smith's obligation to pay storage costs, but he did not equivocate on his continued demand that the action for conversion be dismissed as a prerequisite to the surrender of the inventory. Since the finding of the bankruptcy judge that the inventory was unconditionally available to Smith is contrary to the evidence, his decision is erroneous in that respect.

The taking of personalty without consent and the exercise of dominion over it, inconsistent with the owner's rights, is a conversion. *Fuscellaro v. Industrial National Corp.,* 117 R.I. 558, 368 A.2d 1227 (1977). The absence of an intent to injure is irrelevant, *Donahue v. Shippee,* 15 R.I. 453, 455, 8 A. 541, 542 (1887); *see also, Kaminow et al. v. Cooper-Kenworthy, Inc.,* 79 R.I. 352, 356, 89 A.2d 165 (1952); *Berry v. Boat Giannina B., Inc.,* 460 F.Supp. 145, 148 (D.Mass.1978), as is the fact that in this case Brodeur realized no benefit either from taking or from retaining possession of the goods. *Boston Educational Research Co., Inc. v. American Machine & Foundry Co.,* 488 F.2d 344, 348 (1st Cir. 1973). Based upon the undisputed facts in this case, and their application to the relevant authorities, Brodeur's refusal to surrender the goods, unconditionally, upon learning of the bankruptcy or, at the latest, upon demand by Bobkaitis, constitutes conversion. See *Terrien v. Joseph,* 73 R.I. 112, 53 A.2d 923 (1947); *Nestle-Lemur Co. v. Corrigan,* 60 R.I. 312, 317, 198 A. 360, 362 (1938); *Donahue v. Shippee,* 15 R.I. 453, 454, 8 A. 541, 542 (1887). *See also, Ludwig v. Kowal,* 419 A.2d 297, 303 (R.I.1980).

Since the above ruling is dispositive of this case, we need not address Smith's additional argument that the initial removal of property was a conversion because it violated the automatic stay.

The order of the bankruptcy judge is reversed, and the matter is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.