MICHAEL RAVAGE & another *vs.* ALBERT E. JOHNSON.

Berkshire.   May 8, 1944. — June 26, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Practice, Civil,* Auditor: stenographer, report of evidence. *Contract,* Performance and breach, Building contract.

Compliance with the requirement of Rules 89, 90 of the Superior Court (1932) that "the evidence shall have been taken by a stenographer selected or approved by the . . . [auditor] before any evidence was introduced," which is a prerequisite to the right of an objecting party, in an action heard by an auditor whose findings of fact are final, to have the auditor make a summary of the evidence on the question whether the evidence was sufficient to support a finding made by the auditor, was not shown where it appeared merely that "the evidence was taken by different stenographers brought to the trial for that purpose by the auditor, that at no time was Rule 89–90 expressly invoked by anyone, that no stenographer was sworn, and that counsel for the defendant [who was not the objecting party] was not aware of any intent that the evidence was being taken within the meaning of the provisions of said rule."

An order of judgment for the defendant upon the report of an auditor, whose findings were final, in an action upon a contract guaranteeing that the cellar of a building to be constructed by the defendant for the plaintiff would be dry, disclosed no error where the plaintiff did not seek nominal damages and the auditor found that "the house was constructed in strict compliance with the plans and specifications as required by the contract," that there was a "small amount of wetness and also dampness in the" cellar, that "it was not exactly waterproof," but that this condition "did not cause damage to the" plaintiff.

CONTRACT.   Writ in the Superior Court dated July 31, 1941.

The case was heard by *Burns,* J.   In this court the case was submitted on briefs.

*L. S. Cain,* for the plaintiffs.

*F. M. Myers,* for the defendant.

SPALDING, J.  The plaintiffs seek damages for breach of a guaranty contained in a building contract entered into between them and the defendant.

The case was referred to an auditor under an order of reference that his findings of fact were to be final.  The findings of the auditor may be summarized as follows:  The plaintiffs entered into a written contract with the defendant builder for the construction of a house, the work to commence on August 1, 1938, and to be completed on or about November 15, 1938.  The contract contained the following provision which the plaintiffs alleged was violated: "As part of the consideration, the contractor guarantees that the cellar of the building to be built by him will be dry."  The house was completed in December, 1938, and except in certain respects not here material "the house was constructed in strict compliance with the plans and specifications as required by the contract."  In the spring of 1939 there was a "small amount of wetness and also some dampness in the . . . [plaintiffs'] cellar, in other words, it was not exactly waterproof.  This, however, did not interfere with the use of the cellar by the plaintiffs for the purposes for which it was intended, namely, a playroom, a laundry, a storage room, and for the functioning of a heating unit.  In other words, it did not cause damage to the plaintiffs."  In the spring of 1939 the plaintiffs hired one Latimer to perform certain work in connection with the drains around the house; they also employed one Brett to do some landscaping.  We infer from the report that this work had nothing to do with the building contract and was done by persons for whose acts the defendant was in no way responsible.  After describing this work in some detail the auditor states: "I find that . . . surface water flows into a drainage system intended for ground water and that said surface water is caused to flow into the cellar by acts of Latimer and Brett, namely, the digging of . . . dry wells, the attachment of leaders and gutters to the house, and the landscaping in particular."

The judge allowed a motion that judgment be entered for the defendant on the auditor's report.  The case is here on

an exception to the allowance of that motion and certain other exceptions, hereinafter discussed, taken in connection with the report.

1. After the auditor had finally settled the draft of his report and had furnished the parties with copies of it, the plaintiffs filed objections and a request for a summary of the evidence within the time allowed by Rule 90[1] of the Superior Court (1932). The objections need not be discussed in detail; it is enough for present purposes to say that some of them raised the question whether the evidence was sufficient in law to support certain findings of fact made by the auditor. Rule 90 provides in part: "But where the objection raises the question whether the evidence was sufficient in law to support a finding of fact made by the master, no such summary shall be made without special order of the court, unless (1) the evidence shall have been taken by a stenographer selected or approved by the master before any evidence was introduced, and (2) the objecting party shall at his expense furnish the master, within the time allowed for bringing in objections, with a transcript of so much of the evidence taken by such stenographer as is material to such question of law." A summary of the evidence was not made by the auditor, and the plaintiffs filed in court a motion that the auditor be ordered to append to his report a brief, accurate and fair summary of the evidence for the purpose of determining the questions of law raised by their objections. At the hearing on this motion "it was orally agreed by counsel that the evidence was taken by different stenographers brought to the trial for that purpose by the auditor, that at no time was Rule 89–90 expressly invoked by anyone, that no stenographer was sworn, and that counsel for the defendant was not aware of any intent that the evidence was being taken within the meaning of the provisions of said rule." It further appears that in denying the motion "the court referred to the case of *Russo* v. *Thompson*, 294 Mass. 44, at page 47, and stated that . . . [it] was denying the motion as a

---

[1] Since the auditor's findings were to be final the first and second paragraphs of Rule 90 are made applicable by Rule 89.

matter of law since the attention of the auditor was not plainly called to the fact that he was asked to act under and for the purposes of the rule." The plaintiffs excepted to the denial of this motion. A motion to recommit, which set forth as one of its grounds that the auditor had failed to furnish a summary of the evidence, was also denied subject to the plaintiffs' exception.

It may be assumed that the auditor was furnished with a transcript of material portions of the evidence in accordance with Rule 90. The request states that this was done and no contention is made to the contrary. One of the questions for decision is whether the evidence was taken "by a stenographer selected or approved by the . . . [auditor] before any evidence was introduced." If it was, the plaintiffs were entitled to a summary of the evidence as a matter of right. The rule contemplates that the stenographer be either selected or approved by the auditor. *John A. Frye Shoe Co.* v. *Williams*, 312 Mass. 656, 667. The plaintiffs contend that there was a "selection" within the meaning of the rule. We think there was not. It is not enough that a stenographer be present and take the evidence even if he is chosen by the auditor; it must affirmatively appear before the hearing begins that the stenographer is taking the evidence at the hearing pursuant to the rule. In *Russo* v. *Thompson*, 294 Mass. 44, 47, one of the parties supplied a stenographer who was sworn by the master and it was held that this did not constitute a "selection or approval" under the rule. It was said at page 47: "The attention of the master should be plainly called to the fact that he is asked to act under and for the purposes of the rule." And we think that where, as here, the stenographers were supplied by the auditor, it must be made apparent by the auditor that the evidence is being taken under the rule. It is not inconceivable that an auditor might furnish a stenographer for part of a hearing for his own convenience. The rule contemplates that the status of the stenographer be ascertained before any evidence is introduced and not be left in doubt. The situation is not unlike a request for a report of the evidence in an equity case under G. L.

(Ter. Ed.) c. 214, § 24. Since there was no "selection" of a stenographer within the meaning of the rule, the judge was right in refusing to order the auditor to furnish a summary of the evidence.

2. The plaintiffs excepted to the denial of their motion to recommit the report and to the overruling of objections to the same. These exceptions must be overruled. The motion to recommit set forth grounds (except the ground discussed above, alleging the failure of the auditor to furnish a summary of the evidence) which were addressed to the court's discretion. *Barrows* v. *Checker Taxi Co.* 290 Mass. 231, 235. *Walsh* v. *Cornwell*, 272 Mass. 555, 560. *W. R. Grace & Co.* v. *National Wholesale Grocery Co. Inc.* 251 Mass. 251, 253. The objections to the report have no standing other than to lay the foundation for a motion to recommit; therefore they need not be discussed. *Howland* v. *Stowe*, 290 Mass. 142, 145. *Old Mill Point Club, Inc.* v. *Paine*, 308 Mass. 505, 506.

3. There was no error in allowing the defendant's motion for judgment on the auditor's report. Inasmuch as the auditor's findings of fact were final "his findings of subsidiary facts must therefore stand, but any conclusions of fact reached by inference from his subsidiary findings are open to review here as matter of fact." *Harsha* v. *Bowles*, 314 Mass. 738, 739, 740, and cases cited. We think the conclusions reached by the auditor were proper. On the basis of the findings the defendant was entitled to a judgment in his favor. The auditor found, in effect, that (except for a small amount of dampness in the cellar which could be attributed to the work of the defendant) the real cause of water in the cellar was the work done by persons for whose acts the defendant was not responsible. It is elementary that one whose conduct has brought on the conditions assigned as a breach of a contract cannot take advantage of it. Williston on Contracts (Rev. ed.) § 677. See *Palmer* v. *Stockwell*, 9 Gray, 237, 239; *Wallis* v. *Wenham*, 204 Mass. 83, 87. The plaintiffs have not argued that they are entitled to nominal damages.

*Exceptions overruled.*