Keniston, P. J.
This is an action of contract in which the plaintiff seeks to recover damages resulting from an alleged breach of a conditional sales agreement by which the defendant was to furnish and install a boiler burner unit with a built in tankless heater for water on the plaintiff’s premises. The answer is a general denial.
The conditional sales contract signed by the parties and dated October 3, 1946 provided that the seller (defendant) sells and the purchaser (plaintiff) purchases the following described property, complete with standard attachments on the following terms:

*83

The contract further provided that title to the property should not pass by delivery and should remain in the seller until all amounts due under the contract had been paid in full.
It was agreed at the trial that on the date the plaintiff commenced the action April 9, 1948, the sum of $575. had been paid by the plaintiff to the defendant on account of the contract price leaving a balance of $171.50 unpaid, that the boiler jacket had never been installed by the defendant on the heating unit, that the cost of this jacket including labor would approximate $75. and that the jacket would have furnished some added insulation.
There was evidence from which it could have been found that the defendant installed the boiler unit about November 1,1946 but that the hot water system was not connected until May 1947. After the hot water system was connected there was an overflow of water in the plaintiff’s cellar which forced a shutoff of the hot water until rectified by another *84 contractor. The hot water system installed permitted the plaintiff to have hot water only during the time the burner was running. The overflow of water from the water heater was caused by an improper connection with the water pipe from the water supply to the water tank in the attic instead of directly with the tank in the attic. When the boiler unit was being cleaned March 24, 1948 a crack in the boiler unit three or four inches long was discovered caused by an oversized nozzle. The plaintiff notified the defendant of this defect in the boiler unit March 26, 1948. The crack in the boiler was welded at a cost of $25. to the plaintiff. The plaintiff on several occasions wrote the defendant relative to the trouble he was having with the hot water heating system.
A witness for the defendant testified that the cost of the boiler unit to the defendant from the factory was $600. that this transaction represented a loss to it and that it did nothing toward completing the contract after June 15, 1947.
The report is based upon the following requests for rulings of the defendant and the court’s rulings thereon:
(2) The evidence is not sufficient to warrant or support a finding for the plaintiff. Denied * There clearly loas a breach of the contract by the defendant, entitling the plaintiff at least to nominal damages.
(3) As a matter of law title to the Weatherall Boiler Unit will not pass to the plaintiff until the purchase price has been paid in full in accordance with the terms of the contract. Denied. See finding of facts.
(4) As a matter of law the plaintiff cannot recover for repairs made to said Boiler Unit before title to same passes to the plaintiff. Immaterial. See finding of facts.
(5) As a matter of law the plaintiff is bound to the terms of the contract under which the Boiler Unit *85 was delivered to him. Given, i. e. he was unless the defendant did something to excuse him.
(6) As a matter of law the plaintiff cannot prevail in a suit to recover damages to the Boiler Unit when title to said unit had not passed to him at the time the suit was instituted. Immaterial if true. It is based on a false assumption of Worcester Morris Plan Co. v. Mader, 236 Mass. 435, 438, see findings of fact.
The court found for the plaintiff in the sum of $430. and made the following special findings of facts:
“I find that the defendant, acting through Edward A. Reynolds who operated the corporation, took the contract on which this action is based at a price which would result in a loss to the defendant, if performed by it. I find that the defendant never supplied the metal jacket which was a kind of rectangular box to fit over and enclose the whole boiler-burner heating-system and served not only to give an artistic finish to the heating* system but added insulation, which I find was a material part of the contract and I am not satisfied that it could not have been - supplied long before this action was brought. .1 find that the defendant never properly connected the tankless heater in the boiler for providing hot water for domestic purposes with the piping for hot water in the house. I find that such connections as were made after long delay were not properly connected but caused overflow of water into the cellar to such an extent that the heatiqg system had to be shut down. I find that defendant has never satisfied me that it was excused by the plaintiff from making- these connections. I find that the defendant never performed the contract according to its terms and that it never substantially performed it. I find that the defendant (acting of course through said Edward A. Reynolds) after partially carrying out the contract ceased to be interested in the contract and did not intend to complete it and long before the bringing of this action abandoned the contract and its rights under the contract and the property which it had installed in the plaintiff’s house.”
*86 The defendant in its brief and argument does not contend that there was any error in the trial judge’s rulings upon any of its specific requests. We therefore consider the questions raised by these rulings as having been waived. Kay v. Audet, 306 Mass. 337, 338; Kolda v. National-Ben Franklin Fire Ins. Co., 290 Mass. 182, 186; Quinan v. Famous Players-Lasky Corp., 267 Mass. 501, 519; except so far as they may be pertinent to the general argument of the defendant.
The burden of the defendant’s argument seems to be that the plaintiff cannot recover because the contract is a conditional sales agreement and that therefore the plaintiff has no right of action as the entire purchase price has not been paid and title to the property installed still remains in the defendant. This contention may, perhaps, be considered as directed to the trial judge’s rulings.
We do not agree with this contention. The contract requires performance on the part of both parties. The defendant was obligated to furnish the heating unit with the hot water attachments and to properly install the same and the plaintiff was to make the payments as called for by the contract. The evidence amply warranted findings, which the trial judge has made, that there not only was a breach on the part of the defendant in improperly installing the heating unit but also that the defendant had never completed the installation and .never intended to complete it. The defendant can hardly contend that even though it is in default the plaintiff is still required to make payments not called for by the contract and until he does so is prevented from recovering damages for the defendant’s breach of contract.
The vendee under a conditional sales agreement may maintain an action against the vendor for a breach of the sales agreement. Gottman v. Jeffrey-Nichols Co., 268 Mass. *87 10; Thomas G. Jewett, Jr., Inc. v. Keystone Driller Co., 282 Mass. 469, 476; Denenberg v. Jurad, 300 Mass. 488, 490.
The undisputed evidence is that the plaintiff has paid all but a balance of $171.50 an amount substantially less than the sum of $321.50 which was not due to be paid, under the contract, until the installation had been completed. Therefore there was no default in payment on the part of the plaintiff and the defendant had no present right under the contract to repossess the property.
Moreover the evidence relative to the length of time since the contract was entered into, the delay by the defendant in the performance of the contract, its failure to do any further work since June 15, 1947 and that the contract represented a loss to the defendant would seem to warrant a finding that the defendant did not intend to complete the contract, had abandoned it and any right to assert any title interest in the property installed under the contract.
Abandonment is usually a question of fact. Howe v. Johnson, 236 Mass. 379, 385; Willetts v. Langhaar, 212 Mass. 573, 575. See Row v. Home Savings Bank, 306 Mass. 522. See Boston Elevated Railway v. Commomvealth, 310 Mass. 528, 571.
We do not feel that the plaintiff is precluded from recovering damages resulting from the defendant’s breach of contract merely because the defendant has never been paid in full the purchase price for the installation which the defendant has never completed. Mullaly v. Austin, 97 Mass. 30; Pye v. Perry, 217 Mass. 68; Ravage v. Johnson, 316 Mass. 558, 562; Williston on Contracts, (Rev. Ed.) § 677.
We find no error in the court’s rulings upon the defendant’s requests. Eeport dismissed.

 The trial court’s ruling and findings on each of the defendant’s Requests for Rulings are printed in italics following the request.