HUNNEMAN AND COMPANY, INC. *vs.* ELAINE LOPRESTI,
trustee, & others[1]
(and a companion case[2]).

Suffolk. January 8, 1985. — April 3, 1985.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & O'CONNOR, JJ.

*Broker*, Commission. *Contract*, With broker, Performance and breach.

CIVIL ACTIONS commenced in the Superior Court Department
on May 15, 1979, and June 22, 1979, respectively.

The cases were heard by *Hiller B. Zobel*, J., on motions
for partial summary judgment.

The Supreme Judicial Court on its own initiative transferred
the case from the Appeals Court.

*Eric W. Wodlinger* for Elaine LoPresti & others.

*Craig E. Stewart* (*Michael Lacek* with him) for Hunneman
and Company, Inc.

[1] Elaine LoPresti is trustee of the Wachovia Realty Trust. The other
defendants are Edward H. Warner, Hans W. Wanders, Bland W. Worley,
Calder W. Womble, Everett C. Spelman, Sr., Robert E. Smith, Charles
G. Reavis, Jr., Robert H. Pease, Buck Mickel, trustees of Wachovia Realty
Investments.

[2] Luster T. Delany & another *vs.* Elaine LoPresti, trustee, & others. The
other plaintiff is Juan M. Cofield. The other defendants are Edward H.
Warner, Hans W. Wanders, Bland W. Worley, Calder W. Womble, Everett
C. Spelman, Sr., Robert E. Smith, Charles G. Reavis, Jr., Robert H. Pease,
Buck Mickel, trustees of Wachovia Realty Investments, and Hunneman
and Company, Inc.

*Gene K. Landy* for Luster T. Delany & another.

HENNESSEY, C.J. The plaintiffs in these two cases are brokers who are suing the prior owners of the Delegate North apartment complex (Delegate North) for recovery of a real estate commission.[3] The cases involve identical facts and were consolidated for decision in the Superior Court. The judge granted the plaintiffs' motion for partial summary judgment, and the defendants appealed. We transferred the cases to this court on our own motion. We conclude, based on our decision in *Capezzuto* v. *John Hancock Mut. Life Ins. Co., ante* 399 (1985), that the plaintiffs are not entitled to a commission, and therefore we reverse.

The undisputed facts as established by the depositions and affidavits submitted by the parties are as follows. In April of 1979, the seller (Wachovia) gave the plaintiff Hunneman and Company, Inc. (Hunneman), a nonexclusive listing to market Delegate North. Wachovia also listed the property with two other brokers, and directly notified potential purchasers that the property was for sale. Wachovia wanted to net $2.7 million for the sale, and the buyer had to make a $100,000 nonrefundable deposit, take the property "as is," and close the transaction within sixty days. The plaintiffs Luster T. Delany and Juan M. Cofield subsequently agreed with Hunneman to act as cobrokers for Delegate North, and to split evenly with Hunneman any commission earned on a sale of the property.

Delany and Cofield located two individuals, John F. Paino and Joseph Martignetti, who were interested in the property. On May 1, 1979, Paino and Martignetti went to Hunneman's office, delivered certified checks totalling $100,000, and signed a purchase and sale agreement incorporating the terms set by Wachovia. No one ever signed this agreement on behalf of Wachovia.

Later that same day, a Hunneman employee, Peter Colgan, telephoned S. P. Blankenship, the vice president of Wachovia

---

[3] Although the plaintiffs Delany and Cofield have named their cobroker, Hunneman and Company, Inc., as a defendant, that claim is not at issue here. Wachovia Mortgage Company, initially named as a defendant in each action, was dismissed as a defendant by stipulation.

Mortgage Company, to inform him of the offer on the property. Blankenship told Colgan that Wachovia representatives would be in Boston on May 2, 1979, to meet with three other prospective purchasers, and that Colgan should deliver the offer to the Parker House hotel, where the Wachovia representatives would be staying. Juan Cofield, one of the brokers, also telephoned a Wachovia officer to discuss the Martignetti and Paino offer. Cofield was informed that Wachovia would not entertain that offer until negotiations with the three other prospective purchasers were concluded.

On May 2 and 3, 1979, Hunneman made two attempts to deliver the offer from Paino and Martignetti to Wachovia representatives in Boston. Wachovia reviewed the offer but refused to accept it. On the afternoon of May 3, Wachovia representatives executed a purchase and sale agreement with another purchaser, Gerald Fineberg, with whom Wachovia had been negotiating since April 26.

Delany and Cofield, and subsequently Hunneman, sued Wachovia for breach of the brokerage agreement and for damages under G. L. c. 93A. Hunneman also asserted a claim for damages under the theory of quantum meruit. Following discovery, the parties filed cross motions for summary judgment. The cases were consolidated for hearing, and on February 3, 1982, the judge granted partial summary judgment in favor of the plaintiffs, awarding Hunneman, as well as Delany and Cofield, their brokers' commission.[4] The judge ruled that, because the seller defaulted, the prerequisites to the brokers' recovery of their commission set forth in *Tristram's Landing, Inc.* v. *Wait*, 367 Mass. 622, 629 (1975), were inapplicable, and that the commission was earned when the brokers produced a ready, willing, and able buyer.

---

[4] The claims under G. L. c. 93A and on the theory of quantum meruit were initially reserved for trial. Nonetheless, a final partial summary judgment was entered after the parties stipulated that the brokers would dismiss these claims "if an appellate court finally determines that plaintiffs either are or are not entitled to the brokerage commission." However, the claims would not be dismissed if "the appellate court remands the case for trial."

In *Capezzuto* v. *John Hancock Mut. Life Ins. Co., supra* at 403, we held that, "in situations where the seller is responsible for the failure to complete the transaction, no commission is owing unless the seller has signed a binding agreement with the broker's client." In this case, the record is clear that the seller Wachovia never agreed to sell Delegate North to Paino and Martignetti. As in *Capezzuto, supra* at 403, the seller repeatedly informed the plaintiff brokers that negotiations were being conducted with other prospective purchasers. In fact, the record reflects that Wachovia informed Hunneman that it wanted to consider three other offers before it would consider Paino and Martignetti's. On these facts, and where there is no suggestion that the seller acted in bad faith, see *id.* at 404, the plaintiffs have failed to earn their commission.

The brokers contend that, if we require, in these circumstances, an agreement between the seller and buyer, then such an agreement becomes an implied condition precedent to recovery under the unilateral brokerage contract. See 5 S. Williston, Contracts § 666A (3d ed. 1961). Thus, the brokers argue that the seller should not be allowed to rely on the brokers' failure to fulfil a condition precedent, when the performance of that condition is prevented by the seller's own conduct in conveying to a third party. See, e.g., *Quintin Vespa Co.* v. *Construction Serv. Co.*, 343 Mass. 547, 554 (1962); *Ravage* v. *Johnson*, 316 Mass. 558, 562 (1944). We disagree. "[T]here are some cases in which some sort of prevention or interference is contemplated by the parties as quite proper and within the privileges of the promisor." 3A A. Corbin, Contracts § 767, at 545 (1960). See also *Mishara Constr. Co.* v. *Transit-Mixed Concrete Corp.*, 365 Mass. 122, 128-129 (1974). As we recognized in *Capezzuto, supra* at 403, until a binding purchase and sale agreement is signed, a seller is ordinarily privileged to sell to whomever it chooses.

We reverse the partial summary judgment entered for the plaintiffs, and order the entry of partial summary judgment[5] in favor of the defendants.

*So ordered.*

WILKINS, J. (concurring, with whom Nolan, J., joins). In *Capezzuto* v. *John Hancock Mut. Life Ins. Co.*, *ante* 399 (1985), five other Justices of this court accepted as a rule of law in this Commonwealth the principle that, in normal circumstances, a broker who produces a prospective buyer ready, willing, and able to purchase premises on the terms established by the seller with the broker is not entitled to a commission unless the seller executes a binding written agreement with the prospective buyer.[1] This result was not compelled by our prior cases. It is probably inconsistent with the reasonable expectations of persons knowledgeable in the real estate field. Such a rule does protect the uninitiated prospective seller, a category in which neither the seller in this case nor in the *Capezzuto* case remotely belongs. The court has spoken, however, and it is probably more important that the rule of law in cases of this character be clear than what the rule in fact is. I concur in the result.

---

[5] See note 4, *supra*, as to the necessity for "partial" summary judgment.

[1] There are exceptions. A seller will be liable for a commission in the absence of a binding written agreement (1) if the seller engages in certain bad faith dealing or other misconduct (*Capezzuto* v. *John Hancock Mut. Life Ins. Co.*, *supra* at 404), or (2) if the broker and the seller agree, orally or in writing, that the seller will be liable for a commission if the broker produces a ready, willing, and able buyer whom the seller refuses to accept (*id.* at 404).