Forte, J.
This is an action against the home owners in contract, wherein two separate real estate brokers seek a broker’s commission on a purchase and sale agreement where the sale was not consummated. Count I by broker Owren alleges the homeowners Dattilo entered into a written agreement with Owren whereby Owren would seek a buyer and the Dattilos would pay Owren a commission of six per cent (6’h) of the sales price. Owren further alleges that *99 a buyer was found, a purchase and sale agreement was signed by the buyers and sellers, but the sale was not consummated when the owners refused to deliver a deed.
Count II by broker Anne Blackham alleges that subsequent to the Owren-Dattilo broker-seller agreement, Owren agreed to co-broke said property with Blackham and to pay Blackham “3% of the 6% commission” if a commission was earned. Blackham further alleges she procured with Owren a purchaser, that a purchase and sale agreement was signed by the buyers and sellers, and that the sale was not consummated because the sellers refused to deliver a deed.
In addition to denying the above, the defendants filed three counterclaims, the first alleges Owren breached his fiduciary duty to the sellers. The second and third counterclaims were severed and as yet have not been tried.
This action was joined for trial with Lee andEsberv. Dattilo, et al., Concord Division #83-0740, Northern Appellate Division #8899, wherein Lee and Esber (buyers) sought recovery of their $18,000.00 deposit. As a result of the Appellate Division decision dated April 23, 1987, judgment entered for the defendants on the grounds the buyers defaulted.
There was evidence that the Dattilos (seller) engaged Century 21, Winchester Realty (Owren) to sell their house. Thereafter, Anne Blackham & Company, Inc. (Blackham), broker for the buyers as found by the judge, conveyed an offer that was accepted. On July 29, 1983, a purchase and sale agreement was signed by the buyers, sellers and both brokers. A deposit of $18,000.00 was made and held by Owren. The purchase and sale agreement states in part “a broker’s fee for professional services of $11,000.00 (eleven thousand dollars) is due from the seller to “Owren”.. .to be divided with Blackham. “Clause 21 states all deposits made hereunder shall be held by Owren as agent for the seller. “Interest to accrue to seller.”
At the appointed time and day for the passing, it has been found the buyers defaulted by not giving the purchase price to the seller upon delivery of the deed but requiring the funds to be held in escrow until the deed could be recorded the next day. The purchase and sale agreement stated the funds “are to be paid at the time of delivery of the deed...” For the full account of the facts, see Appellate Division (Northern) decision #8890.
At the close of the evidence, the defendants filed a number of requests for rulings, two of those denied are:
“2. The evidence is not sufficient to warrant a finding for the plaintiffs.
“10. The evidence is not sufficient to warrant a finding for the plaintiffs on their counterclaim.”
It was error to deny request #2. First, Blackham was found to be the buyers’ broker and her agreement to receive part of the commission was with Owren not the Dattilos. Therefore, request #2 should have been allowed as to Blackham. (Count II).
Owren, according to his complaint, alleges that after procuring a buyer ready, able and willing the sale was not consummated because of the fault of the seller.
When a broker is engaged by an owner of a property to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready, willing and able to buy on the terms fixed by the owner, (b) the purchaser enters into a binding contract with the owner to do so, and (c) the purchaser completes the transaction by closing the title in accordance with the provisions of the contract. If the contract is not consummated because of lack of financial ability of the buyer to perform or because of any other *100 default of his.. .there is no right to commission against the seller. On the other hand, if the failure of completion of the contract results from the wrongful act or interference of the seller, the broker’s claim is valid and must be paid. Tristram's Landing, Inc. v. Wait, 367 Mass. 622, 629 (1975), citing Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 551 (1967).
Currier v. Kosinski, 24 Mass. App. Ct. 106 (1987) did not change the above rule.
In view of the fact it has been found the sale was not consummated due to the buyers' default, Lee and Esber v. Dattilo et al., supra, it was error to deny this request as to Owren’s complaint as written. (Count I)
In regard to request #10, Clause 22 of the purchase and sale agreement states the seller may retain the deposits (with accrued interest) as liquidated damages if the buyer should default. Clause 21 states all deposits shall be held by Owren as agent for the seller. Because Owren has not turned over the $18,000.00 with accrued interest to the Dattilos, it was error to deny request #10.
Finding on Count I of the plaintiffs’ complaint, as it presently is written, is vacated .and a finding for the defendant’s shall enter.
Finding on Count II of the plaintiffs’ complaint is vacated and a finding for the defendants shall enter.
Finding on the defendants’ counterclaim is vacated and remanded for anew trial.