Creedon, J.
This is a Dist/Mun. Cts. RAD.A, Rule 8C, appeal by the co-owner of real estate who was found liable for the payment of a brokerage fee even though the sale of the real estate was never consummated.
We recite the facts found by the trial judge, supplemented with other uncontested evidence.
In June of 1999, Phyllis E Gustafson, who was sole shareholder of Gustafson Real Estate Inc., was approached by a person interested in purchasing property that Gustafson knew was owned by James F. Ruhan and Norma DiBona[1] Gustafson arranged for a conference call between Ruhan, herself and the potential buyer. During the telephone conference Ruhan agreed to pay Gustafson a ten percent commission of a negotiated price if the property was sold to the potential buyer. During the telephone conference Ruhan accepted a negotiated selling price of $50,000.00. It was agreed that Ruhan would receive a $5,000.00 deposit from the potential buyer, Gustafson would be paid $5,000.00 and Ruhan would take back a mortgage and note on the property from the potential buyer, for $45,000 for 10 years at seven percent interest
Subsequent to the telephone conference, Gustafson drew up a memorandum of sale and obtained the signature of the potential buyer. She then spoke again with Ruhan and informed him that she was going to send him the memorandum for his signature. Ruhan told Gustafson to send all the paperwork to his attorney. When Gustafson questioned Ruhan about obtaining DiBona’s signature, Ruhan told Gustafson not to worry about DiBona’s consent, stating “I’ll take care of her.” A signed agreement by the sellers was never executed.
On August 10, 1999, one day before the anticipated closing, Ruhan’s attorney faxed to Gustafson a letter. In the letter, the attorney states that the sellers did not want to continue with the sale because the construction of the deal would require the sellers to provide money of their own to close the deal. That is, since Gustafson would receive the deposit and Ruhan was taking back a mortgage worth $45,000.00, the sellers would need to finance the “closing costs, including stamps and legal fees.” The attorney informed Gustafson that sellers were not willing to front these expenses. He informed Gustafson that should she wish to be responsible for these costs, then the sellers would proceed with the sale.
*185 Neither Gustafson nor the buyer was willing to absorb the closing fees and costs. The closing did not take place and the buyer’s deposit was returned by Gustafson.
The trial judge found that the buyer was ready, able and willing to perform according to the terms agreed upon during the telephone conference and memorialized in the memorandum. The judge also found that although the terms of the sale of the real estate had been agreed upon between Ruhan and the potential buyer, it was Ruhan who frustrated the sale by demanding that Gustafson absorb the closing costs and attorney fees. The trial judge found that Gustafson did not have any contact with DiBona. There is an absence of any direct evidence that DiBona assented to the sale of the property. It is not disputed that DiBona did not execute a written agreement for sale.
It is now firmly established in Massachusetts jurisprudence that “[wjhen a broker is engaged by an owner of properly to find a purchaser for it, the broker earns his commission when (a) he produces a purchaser ready, willing and able to buy on the terms fixed by the owner, (b) the purchaser enters into a binding contract with the owner to do so, and (c) the purchaser completes the transaction by closing the title in accordance with the provisions of the contract” Tristam’s Landing, Inc. v. Wait, 367 Mass. 622, 629 (1975), quoting Ellsworth Dobbs, Inc. v. Johnson, 50 N.J. 528, 551 (1967).
There exists an exception to this rule. “[I]f the failure of completion of the contract results from the wrongful act or interference of the seller, the broker’s claim is valid and must be paid.” Id. This exception, however, is applicable only to the situation where there has been a signed contract entered into between the buyer and seller. Capezzuto v. John Hancock Mutual Life Ins. Co., 394 Mass. 399, 402-403 (1985). There is no signed contract in tins case. No purchase and sale contract was ever signed by the buyer and the sellers.
Yet, notwithstanding the absence of a signed contract between the sellers and buyer, there may lie another exception to the Tristam Landing rule. In Capezzuto, id., the Supreme Judicial Court averted to an exception to the requirement that there exists an actual signed contract between the buyer and sellers when it stated the requirement of a signed contract may not be a condition precedent to recovery “where the seller has engaged in bad faith dealing, or some other misconduct which prevents an agreement between the broker’s client and seller.” Id. at 404.
While it would seem that the judge’s findings contemplate the “bad faith” exception recognized in Capezzuto and the following companion case of Hunneman & Co. v. LoPresti, 394 Mass. 406, 410 (1985), see Wilkins, J. (concurrence with whom Nolan, J., joins) including footnote 1, there are no cases cited that support the “bad faith exceptions” on these particular findings. Here, for example, Ruhan “obtained no profit from the broker’s exertions.” Capezzuto, citing p. 404, Bonin v. Chestnut Hill Towers Realty Corp., 392 Mass 58, 70 (1984).
Accepting the trial judge’s inference that there was bad faith on the part of Ruhan in demanding a benefit not bargained for, thus preventing the formation of a contract and bringing this case within the dicta of Capezzuto, there exists a more fundamental problem Unaltered by Tristam Landing, is the common law rule that, while an agreement for a commission between a seller and buyer is not one within the statute of frauds, see Palmer v. Wadsworth, 264 Mass. 18, 22 (1928), thus not requiring a writing, Tristam Landing, supra at 630, it is still required as a condition to recovery that where a broker is aware that the party with whom she deals is not the sole owner of the property the assent of all is required. No commission is due unless all other owners assent to the sale. See Monk v. Parker, 180 Mass. 246, 248 (1902).
*186 While the trial judge cited Hillis v. Lake, 421 Mass. 537 (1995), and case(s) cited therein, our review of the cases do not support recovery of the broker’s commission on the facts found in this case.
In these circumstances, where the evidence is that Gustafson was aware of DiBona’s interest and the necessity of her assent to the sale of the real estate and there is no evidence that DiBona had consented to enter into an agreement of sale, there can be no recovery of a commission.
Accordingly, we reverse the judgement and order entry of judgement for the defendant
So ordered.

 DiBona inherited her interest in the real estate from her father who had business relations with Ruhan.